EUGENE OLIVIER *vs.* GEORGE CUNNINGHAM.

Argued by appellant, submitted on brief by respondent, Oct. 11, 1892. Decided Oct. 31, 1892.

**Change of Venue—Affidavit of Merits.**

To resist an application properly made by a plaintiff to change the place of trial for convenience of witnesses the defendant should present an affidavit of merits.

**Affidavit by Attorney—Sufficiency.**

Such an affidavit of merits, and as to the materiality of witnesses, made by the defendant's attorney, and based merely on the unsworn statement of the case to him by his client,—no reason being shown why the affidavit was not made by the party himself,—*held* insufficient.

Appeal by plaintiff, Eugene Olivier, from a judgment of the District Court of Carver County, *Cadwell,* J., entered April 9, 1892.

This action was brought by the plaintiff against the defendant, George Cunningham, in September, 1891, in the District Court of Hennepin County. By consent the place of trial was changed to Carver County, but without prejudice to plaintiff's right to move for a change of venue back to Hennepin County on the ground of convenience of witnesses, or for any other reason. Plaintiff, thereafter, on his own affidavit, moved for a change of venue to Hennepin County. The motion was opposed by the affidavit of defendant's attorney. The court denied the motion on November 16, 1891. When the case was called for trial in March, 1892, plaintiff failed to appear, and the action was dismissed for want of prosecution. Judgment was entered in favor of the defendant for $34.87 costs, and plaintiff appeals.

*Savage & Purdy,* for appellant.

The District Court cannot arbitrarily fix the place of trial. Baylies, New Trials and Appeals, § 231; *People* v. *Superior Court,* 5 Wend. 114. The showing of the plaintiff in his moving papers for a change of venue was complete and satisfactory. The most important consideration is, that the transaction occurred in Hennepin County.

*Levy* v. *Rice,* L. R. 5 C. P. 119; *Jordan* v. *Garrison,* 6 How. Pr. 6; *People* v. *Snaith,* 8 N. Y. Supp. 668.

The defendant utterly failed to meet the *prima facie* showing made by plaintiff. The affidavit should have been made by defendant himself. 2 Rumsey's Pract. 136. There is no sufficient affidavit of merits. 2 Wait's Pract. 631; *Frankoviz* v. *Smith,* 35 Minn. 278; *People's Ice Co.* v. *Schlenker,* 50 Minn. 1. The affidavit does not disclose the names of any of the witnesses, nor is the materiality of their evidence shown, or even alleged. 2 Wait's Pract. 632.

*W. C. Odell,* for respondent.

The refusal of the application was largely in the discretion of the trial court, and its order will not be reversed unless an abuse of discretion is shown. *Wilson* v. *Richards,* 28 Minn. 337. Plaintiff's affidavit was insufficient in that it failed to show the facts to which the witnesses would testify. *People* v. *Hayes,* 7 How. Pr. 248. It was proper for the court to take into consideration the question of the oppressive delay in Hennepin County and the dispatch in Carver County. *King* v. *Vanderbilt,* 7 How. Pr. 385.

DICKINSON, J. The sole question here to be decided is as to whether the refusal of the district court to change the place of trial from the county of Carver to the county of Hennepin can be sustained as a reasonable exercise of judicial discretion. It may be stated, for the sake of brevity, that while the cause properly stood for trial in the county of Carver, where the defendant resided, the motion for a change was properly made by the plaintiff, who resided in the county of Hennepin. The action was brought to recover for an accident and injuries alleged to have been caused by the negligence of the defendant in propelling a steam threshing engine, partially by steam power, through a street in the city of Minneapolis, in the county of Hennepin. The issues were as to whether the engine was propelled in a negligent manner, and whether the alleged injury was sustained or was caused by such negligence. The plaintiff's application was supported by his affidavit showing, among other things, the materiality of and necessity for the testimony of some

twenty persons named, all of whom resided in the city of Minneapolis, and most of whom are alleged to have been witnesses of the transactions to which the issues relate.  In brief, the plaintiff presented such a case that, if unopposed by any counter showing, there would have been no reason why the application should not have been granted.  The real question is whether the case thus shown was fairly met and opposed by any contrary or counter showing on the part of the defendant.

A fatal defect lies at the foundation of the defendant's case.  An affidavit of merits was necessary, as well as a sworn disclosure as to the witnesses whose testimony was material and necessary to the defense.  The respondent does not question the necessity for such a presentation, and assumes to have complied with the requirements of the law in that regard.  But the affidavit upon which alone his case depends was wholly insufficient.  It was made by the defendant's attorney, who appears to have had no personal knowledge of the matters alleged, and no reason is stated or intimated why it was not made by the defendant or by some person having knowledge of the facts necessary to be shown.  Affidavits of merits are not to be thus made.  *Frankoviz* v. *Smith*, 35 Minn. 278, (28 N. W. Rep. 508;) *People's Ice Co.* v. *Schlenker*, 50 Minn. 1, (52 N. W. Rep. 219.) The instrument is obviously insufficient as an affidavit, a sworn statement, of merits; for in alleging that the defendant had fully stated to the affiant the case and the facts in the case, the affiant was simply making an oath to a fact which in the nature of things he presumably could not know, and concerning which he does not assume to have any personal knowledge.  The insufficiency of such an affidavit of merits was pointed out in *People's Ice Co.* v. *Schlenker*, *supra*.

The affidavit has the same fault as respects the showing concerning the witnesses whose testimony may have been necessary for the defense.  The affiant's averments concerning such witnesses, and the character of the evidence they would give, rest upon the statement of his client to him; the facts, so far as they are disclosed, being thus presented through the medium of the unsworn statement of the defendant to his attorney.  No reason was suggested for this

hearsay mode of making proof of the facts necessary to be shown. The affidavit was subject to criticism also in that it did not name or identify the witnesses referred to, nor aver or show that their testimony was necessary. It may have been that the same facts to which they might have testified could have been shown by other witnesses resident in the county of Hennepin.

Without undertaking to say how far the court might have been properly influenced by the allegations concerning the state of the business in the courts of the two counties, respectively, and by a consideration as to the convenience of necessary witnesses as affected thereby, we are of the opinion that for the defects here referred to the defendant presented no proper or sufficient showing in opposition to the motion, and that it was, in technical terms, an abuse of discretion to refuse the application upon the case as presented. See *People's Ice Co.* v. *Schenkler, supra.*

If the defendant showed no defense, no affidavit of merits, and made no disclosure as to necessary witnesses to be called on his part, the case of the plaintiff was really not met.

Judgment reversed, and cause remanded to district court with directions to make the proper order changing the place of trial to Hennepin county, unless that court shall in its discretion entertain any application which may be made on the part of the defendant, upon notice, to present further affidavits in opposition to the plaintiff's application, heretofore made, for such change of the place of trial.

(Opinion published 53 N. W. Rep. 462.)