## WILLIAM DESJARDINS v. EMERALITE SURFACING PRODUCTS COMPANY.[1]

June 23, 1933.

No. 29,622.

*Jenswold, Jenswold & Dahle,* for plaintiff-respondent.

*Giblin & Manthey* and *Junell, Driscoll, Fletcher, Dorsey & Barker,* for defendant-relator.

*PER CURIAM.*

This is an original proceeding in this court on petition by the defendant for a peremptory writ of mandamus to one of the judges of the district court of St. Louis county to compel him to grant a change of the place of trial of this action and to grant leave to amend defendant's answer, after the trial court had heard and denied motions for such relief. An order to show cause why such relief should not be granted was issued by this court and the matter presented here on the petition, order to show cause, and record in the court below and the briefs of counsel for the respective parties.

[1]Reported in 249 N. W. 576.

Defendant is a Minnesota corporation owning and operating a stone crushing plant about three miles from the city of Ely in St. Louis county, which is defendant's place of residence. The place of trial of civil actions brought in district court against this defendant is at said city of Ely, under 1 Mason Minn. St. 1927, §§ 171, 172, when properly designated or applied for as in said sections provided.

The petition for the writ of mandamus raises the question whether the trial court abused its discretion in denying the motion for a change of venue from Duluth to the city of Ely, under § 172(4) of the statutes. This subsection applies to a change of the place of trial within St. Louis county, the same law as is by § 9216 of the statutes applied to a change of venue from one county to another.

The matter of granting a change of venue on the grounds that the convenience of witnesses and the ends of justice will be promoted thereby rests within the sound discretion of the trial court, and its action will not be disturbed except for a clear abuse of discretion. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10127, and cases cited in note 10. So this court, in reviewing by mandamus an order of the district court granting or refusing a change of venue, will confine itself to the question of whether the trial court abused its sound discretion. State ex rel. Security State Bank v. District Court, 150 Minn. 498, 185 N. W. 1019; Dexner v. Houghton, 153 Minn. 284, 190 N. W. 179.

The summons in the case was served on February 24, 1933. The first motion for change of venue was not served until April 21. The motion was denied April 29. A second motion and order to show cause was served May 6 and denied May 15. The delay in moving is sought to be excused on the claimed ground that one J. B. Preston, who is stated to be the vice president, general manager, and treasurer of defendant, is a resident of the state of New York with an office in New York City, and that he is the only officer of defendant in the active management and control of its business; that copies of the summons and complaint were promptly mailed to him by the superintendent of defendant's plant at Ely, but that Preston was absent from his office and did not receive the

copies until a few days before the time to answer expired; that he got in touch with the attorneys in Minneapolis, Minnesota, who answered for defendant, and requested them to hold the matter in abeyance until he could come to Minnesota and arrange for answering and defending the case; and that he was unable to come until April 18. Why Preston was absent from his office or why he was unable to come to Minnesota until nearly two months later does not appear. He does state that defendant's only office is located at Ely, Minnesota, and that all its books and records are kept there. It does appear that one Robert Ellis is the superintendent and has full charge of defendant's manufacturing plant and business at Ely.

Defendant is a Minnesota corporation. Presumably it has a board of directors and other officers besides Preston and Ellis. One G. H. Nelson makes affidavit that he is the president of the corporation. The affidavit is sworn to before a notary public in Hennepin county, this state, but does not disclose affiant's place of residence. Nothing is said in any of the affidavits as to other officers of the corporation except those above mentioned. This being a local corporation, with all its business, property, books, and records located at Ely in this state, it is reasonably inferred that it had at all times one or more officers or managers conducting its business here. A treasurer residing in New York, who visited the plant occasionally at intervals of six or eight weeks, could not have handled the corporation's receipts or disbursements or actively managed its affairs at its only place of business at Ely. The affidavits presented to the trial court are too incomplete to require the trial court to find that good excuse was shown for the delay in moving. The affidavits do show that defendant's counsel were not at fault. In the meantime plaintiff had noticed the case for trial and filed note of issue for trial of the action at the May term of court at Duluth. If the venue were changed, the case could not be tried at Ely until the October term.

The court in its discretion could have granted the motion. It did not abuse its discretion in denying it. State ex rel. M. St. P. & S. S. M. Ry. Co. v. District Court, 161 Minn. 176, 201 N. W. 298.

The defendant included in its motion for change of venue a motion to amend its answer so as to include therein an allegation that its place of residence was at Ely and to include in its prayer for relief that the action be tried at Ely. The motion was denied. This manner of obtaining a change of venue appears to be authorized by § 172 of the statutes. This motion likewise was addressed to the sound discretion of the trial court, and what has been said on that question applies. It may be noted also that generally mandamus is not the proper remedy and will not be granted to review or reverse the action of the trial court in granting or refusing to grant a motion to amend a pleading. 38 C. J. pp. 626, 627, § 122, and note 83.

Peremptory writ denied and order to show cause discharged.