## LILLIAN VORNBROCK v. MARVIN BOLLIG AND OTHERS. GEORGE C. HUSOVSKY, RELATOR.[1]

April 20, 1945.

No. 34,063.

*Austin L. Grimes,* for relator.
*Ryan, Ryan & Ryan,* for respondent.

PER CURIAM.

Plaintiff brought an action to recover damages arising out of an automobile collision which occurred on the state highway between Brainerd and Little Falls, in Morrison county, at a point approximately seven miles north of Little Falls and 23 miles south of Brainerd or 16 miles farther from Brainerd than from Little Falls.

[1]Reported in 18 N. W. (2d) 441.

Two of the defendants reside in Brainerd, Crow Wing county, and one defendant in Little Falls in Morrison county. Plaintiff, who resides in Little Falls, pursuant to Minn. St. 1941, § 542.095 (Mason St. 1940 Supp. § 9213-1), brought the action in Crow Wing county, where a majority of the defendants reside.

Defendant Husovsky, under § 542.11 (Mason St. 1927, § 9216), moved for a change of venue from Crow Wing county to Morrison county on the ground that "the convenience of witnesses and the ends of justice would be promoted by such change." The other defendants supported the motion. The motion being denied, said defendant now applies for a writ of *mandamus*.

Husovsky contends that, exclusive of the parties to the action, at least seven witnesses, residing in Little Falls or within seven miles thereof, would be compelled to travel to Brainerd for the trial unless a change of venue be granted. Hospital records are also located in Little Falls. Much is made of the inconvenience caused witnesses and the difficulties of wartime travel.

■ The granting of a change of venue on the grounds that the convenience of witnesses and the ends of justice will be promoted thereby rests within the sound discretion of the trial court, and its action will not be disturbed except for a clear abuse of discretion. Desjardins v. Emeralite Surfacing Products Co. 189 Minn. 356, 249 N. W. 576; 6 Dunnell, Dig. & Supp. § 10127. Here, we find no abuse of discretion. The difference in mileage, time lost, and expense is negligible. In no case will the witnesses be required to stay away from their homes overnight. A change of venue would promote the convenience of witnesses only to a slight degree. Husovsky declares that upon trial he intends to ask for an order permitting the jury impaneled to try the case to visit the scene of the accident, and that for this purpose it would be much more convenient to have the trial at Little Falls, because the jury would be required to travel only seven miles as against 23 miles if the trial were held at Brainerd. It seems that this slight difference in mileage would hardly be a factor if upon trial the court should deem it advisable to have the jury inspect the scene of the

collision. There is no abuse of discretion in denying a change of venue where the advantages to be gained are inconsequential. Furthermore, the trial court is in a better position than a court of review to judge of the difficulties of wartime travel between these two cities, both located on a concrete highway and only about 30 miles apart.

The moving defendant emphasizes that a change of venue should have been granted to promote the ends of justice because of remarks alleged to have been made by plaintiff's counsel at the hearing, to the effect that he desired to have the trial conducted before a jury in Crow Wing county, where the bad record and reputation of one of the defendants were known. Certainly, on the limited showing thus made, there was no abuse of discretion in failing to find that a fair trial could not be held in Crow Wing county.

■ Contrary to the moving defendant's contention, it is not the law that in order to resist an application by the defendant for a change of venue the affidavit offered in opposition thereto must necessarily be executed by the plaintiff personally. An affidavit made by the plaintiff's attorney is sufficient where such attorney has personal knowledge of the matters set forth therein. Here, obviously the affidavit of counsel was based on personal knowledge and as such was adequate. It is good practice, however, to set forth in the affidavit the reason why it is not made by the client, and likewise to allege specifically that the statements made therein are based on personal knowledge. Oliver v. Cunningham, 51 Minn. 232, 53 N. W. 462.

Writ of *mandamus* denied and order to show cause discharged.