LeROY BOWEN v. MARGUERITE BROOKS JOHNSON.[1]

December 21, 1945.

No. 34,118.

[1]Reported in 21 N. W. (2d) 225.

*Coursolle, Preus & Maag,* for relator.
*Thomas O. Streissguth,* for respondent.

LORING, CHIEF JUSTICE.

Plaintiff brought this action in Hennepin county on May 11, 1945, to recover $9,885.56 for legal services and expenses as defendant's attorney in a divorce action instituted by defendant in Hennepin county in June 1942 and subsequently dismissed by her prior to trial upon reconciliation of the parties thereto. See, Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617.

Venue herein was changed to Carver county upon motion of defendant, a resident of said county, under Minn. St. 1941, § 542.10 (Mason St. 1927, § 9215). Subsequently, plaintiff moved to have the venue returned to Hennepin county under § 542.11(4), (§ 9216[4]), for the convenience of witnesses and to promote the ends of justice.

Plaintiff's motion was denied. His supporting affidavit set forth that some 20 witnesses whose testimony was alleged to be essential to a trial of the issues were residents of Minneapolis and would be greatly inconvenienced by being compelled to travel to Chaska, the county seat of Carver county, for the trial. The affidavit of plaintiff's attorney also set forth that certain files and documents in the office of the clerk of the district court of Hennepin county were essential for the trial and could be more conveniently produced if trial were had in the latter jurisdiction.

Defendant's affidavit in opposition set forth that some 24 witnesses, including a number of experts on the principal issue, whose testimony was essential to the defense, were residents of Carver county or localities in the near vicinity thereof and would be more conveniently served if the trial were held in the latter county. Defendant's affidavit further set forth in detail the facts surrounding the controversy between her and plaintiff, the specific work performed, and in substance alleged that the services for which recovery is sought were in large measure unauthorized. Therein she

outlined plans for the production in Carver county of the files and proceedings of the actions in Hennepin county which plaintiff's counsel had alleged were essential to the trial of this action.

Defendant's counsel likewise filed an affidavit in opposition to the motion of plaintiff, wherein he set forth in detail the names of witnesses essential to the defense and numerous other details with reference thereto.

On July 13, 1945, following denial of plaintiff's motion and upon his application, an alternative writ of *mandamus* was issued by this court commanding the district court of Carver county and the Honorable Joseph J. Moriarty, judge thereof, to set aside the order denying plaintiff's motion and to make a new order changing the venue and transmitting the files and proceedings herein to the district court of Hennepin county, or, in the alternative, to show cause in this court why such things had not been done. The district court's return thereto set forth in detail the grounds upon which it denied plaintiff's motion.

On appeal, plaintiff asserts (1) that defendant did not make and file a proper affidavit of merits in resisting his motion for change of venue; (2) that the court abused its discretion in refusing to return the venue to Hennepin county; (3) that plaintiff, having performed the services involved in Hennepin county, under § 542.08 (§ 9213), correctly instituted his action there, and that under said statute the venue of the action could not be changed without his written consent; and (4) that the original action, in which the services were rendered and compensation earned, having been instituted in Hennepin county and the present proceeding being ancillary thereto, venue here should be the same as that of the original action.

■ We feel that there was no abuse of discretion in denying plaintiff's motion for change of venue. Defendant at all times involved was a resident of Carver county and, as such, entitled under § 542.10 (§ 9215) to trial therein. Section 542.11(4), (§ 9216[4]) permits a change of venue, notwithstanding such right, when it appears that the convenience of witnesses and the ends of justice

would be promoted thereby. Plaintiff asserts that his affidavits established that such results would follow return of the venue to Hennepin county. He asserts further that there has been no proper affidavit of merits to rebut or controvert his showing in this respect. As previously stated, both defendant and her attorney filed affidavits in opposition to his motion. The affidavit of defendant, some 13 pages in length, set forth in detail the services rendered by plaintiff and the instructions given by defendant in connection therewith. Therein defendant alleged that much of the service rendered was undertaken and performed by plaintiff contrary to her authority and consent. It would seem that such assertions under oath are sufficient as an affidavit of merits, even though the technical language of certain practice forms is not followed therein. The function of an affidavit of merits is to prevent parties to litigation from delaying judgment where no valid defense exists. If such an affidavit discloses a meritorious defense, the court may apprise itself therefrom that defendant does not seek to delay justice, but rather to procure the opportunity of presenting such defense to the court. Defendant's affidavit here adequately performs the functions suggested and hence must be deemed sufficient.

It may be further suggested that the affidavit of defendant's counsel in itself is sufficient, in view of the issues to be litigated. As stated in Vornbrock v. Bollig, 219 Minn. 577, 579, 18 N. W. (2d) 441, 442:

"* * * it is not the law that in order to resist an application by the defendant for a change of venue the affidavit offered in opposition thereto must necessarily be executed by the plaintiff personally. An affidavit made by the plaintiff's attorney is sufficient *where such attorney has personal knowledge of the matters set forth therein.*" (Italics supplied.)

It is obvious that defendant's counsel has equal access with defendant and others to the files and proceedings in Hennepin county. In a large measure his affidavit is based upon his personal knowledge of the legal services ordinarily required in divorce proceedings such as were here involved, the value thereof, as well as the wit-

nesses required to defend an action of this kind. Under the circumstances mentioned, we hold that defendant's counsel might properly make the affidavit of merits in opposition to plaintiff's motion, and that the affidavit submitted by defendant's counsel herein sufficiently complies with the requisites thereof.

■ It is well established that a change of venue for the convenience of witnesses and to promote the ends of justice rests largely within the discretion of the trial court, and that its determination in this respect will not be reversed except for a clear abuse of such discretion. Vornbrock v. Bollig, 219 Minn. 577, 18 N. W. (2d) 441, *supra*. Here, there is a distance of some 18 miles between Chaska and Minneapolis. It appears that the number of witnesses defendant intends to call and whose convenience will be served if the trial is held in Chaska outnumber those proposed by plaintiff, and that all files and proceedings in the Hennepin county actions may readily be made available for trial in Carver county by subpoena. When these factors are considered and it is recalled that defendant's residence is in Carver county, we are compelled to conclude that the trial court did not abuse its discretion in refusing to return the venue to Hennepin county for the convenience of witnesses and to promote the ends of justice. As stated in Vornbrock v. Bollig, 219 Minn. 578, 18 N. W. (2d) 442, *supra:*

"* * * The difference in mileage, time lost, and expense is negligible. In no case will the witnesses be required to stay away from their homes overnight. A change of venue would promote the convenience of witnesses only to a slight degree. * * * It seems that this slight difference in mileage would hardly be a factor if upon trial the court should deem it advisable to have the jury inspect the scene of the collision. There is no abuse of discretion in denying a change of venue where the advantages to be gained are inconsequential."

■ Plaintiff asserts that, since recovery of the value of his professional services constitutes the basis of this action and since such services were performed and the action commenced in Hennepin

county, the venue thereof should not have been changed to Carver county without his written consent, under § 542.08 (§ 9213), which provides:

"An action for the recovery of wages or money due for *manual* labor may be brought in the county in which such labor was performed; and when so brought the venue of such action shall not be changed to another county without the written consent of the plaintiff filed with the court." (Italics supplied.)

Plaintiff asserts that this statute was intended, and should be construed, to include within its terms fees for services performed by professional men, including lawyers. In Sexton v. Baehr, 212 Minn. 205, 207, 208, 3 N. W. (2d) 1, 2, 3, we held that said section should extend to "include all actions for the recovery of wages for labor regardless of whether the labor performed was manual or of a less toilsome nature," and that, "As a practical matter, it is hard to see any reason or basis for differentiating between the position of a manual laborer and, for example, a clerk, telegraph operator, or theater usher." We do not feel that the construction there placed on said section would permit the inclusion therein of actions for the recovery of fees for professional services. The term "wages" has been defined as "agreed compensation for services by workmen, clerks or servants—those who have served an employer in a subordinate * * * capacity and who are supposed to be dependent upon their earnings * * * whether they are to be paid by the hour, the day, the week, the month, the job, or the piece." Bouvier's Law Dictionary (3d Rev.), citing In re Gurewitz (2 Cir.) 121 F. 982, 58 C. C. A. 320. The term "wages," as we gather from the definitions, relates to sums paid to artisans, mechanics, domestic servants, and workers employed in industry, whether manual or otherwise, for labor performed by the day, week, month, or season, or for the particular piece of work involved. Fees, on the other hand, relate to compensation for professional services and are distinct from measurement solely by the period of time served or the piece of work performed. Numerous other factors are considered in fixing the fees of a lawyer, such as the importance of the work or

litigation, the difficulties to be surmounted, the opposition encountered, the results attained, and many like factors. These are peculiar to a determination of the value of the fees earned and distinct from the usual factors involved in determining wages for labor as such. We conclude therefrom that it was not contemplated by the legislature that § 542.08 (§ 9213) should be construed to include actions for the recovery of fees for professional services such as are here involved.

■ Plaintiff asserts that the present proceeding is ancillary to the original action for divorce and, as such, should be brought in the same county as the divorce action. There is no statutory requirement in this respect, so again we are confronted with the rule that removal on such ground rests in the discretion of the trial court. The original action was dismissed before trial, and at the present time there is no proceeding to which the action here is ancillary; hence, no occasion for the application of the rule suggested. This is a separate and independent suit for relief on issues distinct from those involved in the original divorce action. We see no reason which would compel the trial court to designate the venue of the original action as the place of trial herein or require this court to determine that said court's refusal to do so constituted an abuse of discretion.

Alternative writ of *mandamus* discharged.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.