RAYMOND GEORGE SCHULTZ v. LAND O' LAKES
CREAMERIES, INC.
BERNARD ODEGAARD AND ANOTHER, THIRD-PARTY
DEFENDANTS.[1]

September 12, 1952.

No. 35,894.

*Freeman, Larson & Peterson,* for relator.
*Meagher, Geer, Markham & Anderson,* for respondent.

PER CURIAM.

This is a personal injury action in which plaintiff seeks damages in the sum of $125,000 for injuries which plaintiff sustained in a collision with one of defendant Land O' Lakes Creameries' trucks on June 23, 1950, two miles south of Pine City. He was so injured that he remained in the hospital at Pine City for approximately a year and a half. The action to recover damages was commenced on August 17, 1951, in Hennepin county, the principal place of business of defendant Land O' Lakes Creameries. Defendant then impleaded Bernard and Josephine Odegaard as additional parties defendant. Issue was duly joined, but it was not until April 17, 1952, that a motion for change of venue from Hennepin county to Pine county was made by defendant Land O' Lakes Creameries and supported by the Odegaards. The motion for change of venue was denied on June 13, 1952. On July 16, 1952, on the theory that the trial court abused its discretion in denying their motion, defendant Land O' Lakes Creameries petitioned this court for a writ of mandamus to require the district court of Hennepin county to change the venue and place of trial of the action to Pine county for the convenience of witnesses and in the interests of justice. M. S. A. 542.11(4). The judge of the district court who heard the motion for change of venue interposed a return, and the case is here for disposition upon an alternative writ of mandamus directed to the district court of Hennepin county.

The principal question presented for decision is whether the affidavit of the attorney for Land O' Lakes Creameries presents an adequate founda-

[1]Reported in 54 N. W. (2d) 781.

tion to support the motion for change of venue. After stating that he is one of the attorneys for defendant Land O' Lakes Creameries, he states:

"That he has the benefit of an investigation into the above entitled case and that the following are witnesses whom the defendant, Land O' Lakes Creameries, proposes to call on its behalf in connection with the trial in the above entitled case:"

This statement is followed by the names of 11 witnesses who reside either in Pine City or in the area immediately adjacent.

While in Miller v. Anchor Cas. Co. 233 Minn. 87, 91, 45 N. W. (2d) 705, 708, we held "that it is not necessary for a party to expose all his evidence in the affidavit supporting his motion to change venue by stating in detail what each witness will testify," it is necessary that he state of his own knowledge and not upon mere hearsay the general matters to which the witness has stated to him that he will testify. It is quite apparent from the tenor of the attorney's affidavit upon which the motion was made before the trial court that he speaks not from his own knowledge obtained by personal interviews with the witnesses, but from the hearsay statements which appear in his office files in the case at bar. This affidavit is therefore insufficient to support the motion. Olivier v. Cunningham, 51 Minn. 232, 234, 53 N. W. 462, and see Vornbrock v. Bollig, 219 Minn. 577, 579, 18 N. W. (2d) 441, 442.

Writ discharged.

FRANK T. GALLAGHER, JUSTICE (dissenting).

It seems to me that, under the facts and circumstances here, the petition of defendant Land O' Lakes Creameries for a writ of mandamus to require the district court of Hennepin county to change the venue and place of trial of the action to Pine county for the convenience of witnesses and in the interests of justice is meritorious and should have been granted.

The accident here involved occurred in Pine county, about two miles south of Pine City, and the driver of defendant Land O' Lakes Creameries' truck lives in Sandstone, in the general locality of Pine City. According to the affidavit of Robert L. Hoppe, an attorney associated with the law firm representing Land O' Lakes Creameries, four of defendant's witnesses who were at the scene of the accident and will offer testimony accordingly live in Pine City or in the Pine City area. Three additional witnesses who either arrived at the scene of the accident shortly after it happened or went to the scene and observed the position of the vehicles live on Route 2, Pine City. Another witness who lives five miles southeast of Pine City was at the scene of the accident and made observations. Two other witnesses residing in Rush City, a comparatively short distance from Pine City, arrived at the scene of the accident shortly after it occurred and will

testify as to material matters. In addition to this it appears that plaintiff lived in Pine City at the time the moving papers were prepared and that two highway patrol policemen also reside in Pine City. It also appears that plaintiff was confined to the hospital at Pine City and that the physician who attended him resides in Pine City.

In my opinion the fact situation here is similar to that in State ex rel. Kulla v. District Court, 200 Minn. 633, 274 N. W. 673, wherein this court ordered that a peremptory writ of mandamus issue. While there were more witnesses involved in that case, it appears that a large number of them resided in or near the county seat of Freeborn county, Minnesota, and that only two resided in Hennepin county. Citing State ex rel. Ward v. District Court, 200 Minn. 632, 274 N. W. 623, this court determined that it was an abuse of discretion to retain the action for trial in Hennepin county.

In State ex rel. Ward v. District Court, *supra*, relator brought an action against one Schlekau to recover damages for injuries arising out of an automobile collision between relator's car and one driven by Schlekau. The latter procured a change of venue to Ramsey county, where she resided. Relator moved for a change of venue to Jackson county for the convenience of witnesses and in the interest of justice. The motion was opposed and denied, and relator applied to this court for a peremptory writ of mandamus directing the Ramsey county district court to transfer the case for trial to the district court of Jackson county. Defendant set up a counterclaim for injuries she received in the same collision. Relator showed that he had some 10 or 11 persons residing near Jackson whom it would be necessary to call as witnesses to meet the issues. Under the facts there, this court held that there was an abuse of judicial discretion in refusing to remand the cases to Jackson county, where a large number of witnesses could attend the trial without great traveling expense. The court also mentioned there that consideration should be given to the fact that should it appear necessary that the jury view the place of the collision it could not well be done if the trial was held in Ramsey county.

I cannot agree with the majority that the affidavit of the attorney for Land O' Lakes Creameries, Inc., does not present an adequate foundation to support the motion for change of venue. While Vornbrock v. Bollig, 219 Minn. 577, 579, 18 N. W. (2d) 441, 442, citing Olivier v. Cunningham, 51 Minn. 232, 234, 53 N. W. 462, states that it is good practice to allege in the affidavit that the statements made therein are based on personal knowledge, I cannot see that those cases make it mandatory. A review of the affidavit under question herein satisfies me that there was such substantial compliance with the requirements as to eliminate any question of a fatal error in connection with the affidavit.

For these reasons, I respectfully dissent.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.