DAVID ERNIE BERG, BY LORAYNE M. BERG, HIS GUARDIAN AD LITEM, v. CLIFFORD KNUTSON AND ANOTHER.

100 N. W. (2d) 99.

December 24, 1959—No. 37,985.

*Cragg & Barnett* and *Robert W. Barnett,* for relator.
*Mahoney & Mahoney* and *G. P. Mahoney,* for plaintiff respondent.
*Richards, Janes, Montgomery & Cobb,* for defendant respondent.

PER CURIAM.

Plaintiff brought this action to recover damages for personal injuries resulting from a head-on collision between an automobile driven by defendant Arthur Anderson, in which plaintiff was riding as a passenger, and an automobile driven by defendant Clifford Knutson. The collision occurred on Highway No. 7 in Carver County, approximately 25 miles northwest of Chaska, the county seat of Carver County. All the passengers in the Knutson car were killed as a result of the collision. The passengers in the Anderson car were seriously injured. Anderson has cross-complained against defendant Knutson, and two additional actions have been commenced by passengers of the Anderson car. The venue of this action was laid in Chippewa County, where defendant Anderson resides. Defendant Knutson resides in Anoka County.

After the commencement of the action, a motion was made by defendant Knutson for a change of venue from Chippewa County to Carver County under and pursuant to M. S. A. 542.11, based on the convenience of witnesses. In supporting affidavits, counsel for Knutson alleges that 15 witnesses who will be called all reside near Chaska, the county seat of Carver County. The motion was opposed by plaintiff and defendant Anderson. After a hearing, the motion was denied by the trial court. We issued our alternative writ of mandamus and order to show cause why the venue should not be changed.

In a memorandum attached to the court's order, the trial court states that there is not such a large disparity in distance to be traveled by the

witnesses or the number of them for plaintiff and defendant Anderson and the witnesses for defendant Knutson that the court would be justified in changing the venue based upon the convenience of witnesses. It also appears that plaintiff is so seriously injured that he probably would have to be transported to the place of trial in an ambulance.

The granting of a change of venue on the grounds that the convenience of witnesses and the ends of justice will be promoted rests largely in the sound discretion of the trial court, and its action will not be disturbed by this court unless there is a clear showing of abuse of discretion.[1]

The affidavits in support of the motion and in support of the writ of mandamus here are by the attorney for the moving defendant. While they set forth that a number of witnesses living nearer Carver County than Chippewa County would be called, they allege for the most part that said witnesses would be used to prove "facts and circumstances surrounding the accident, position of cars before and after impact," or "measurements, skid marks, debris, conversations, etc." The affidavits do not state specifically what the testimony of such witnesses would be, but, even assuming that they are essential and necessary witnesses, the affidavit in support of the writ and those in opposition thereto do not show such a disparity in either number or inconvenience to witnesses that we would be justified in holding that the court abused its discretion in denying the motion. It is alleged also that all attorneys live in Minneapolis, but the attorneys for two of the interested parties oppose the change of venue, so apparently they are not of the opinion that the difference in distance would constitute any substantial inconvenience. We find no abuse of discretion.

The alternative writ and order to show cause are consequently discharged. So ordered.

---

[1]Desjardins v. Emeralite Surfacing Products Co. 189 Minn. 356, 249 N. W. 576; Vornbrock v. Bollig, 219 Minn. 577, 18 N. W. (2d) 441; Bowen v. Johnson, 221 Minn. 99, 21 N. W. (2d) 225.