HENRY G. HENDERSON v. ESTATE OF IDA B. SNODGRASS.

185 N. W. (2d) 697.

March 19, 1971—No. 42524.

*Henry G. Henderson,* pro se, for appellant.
*Edward A. Litman,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

PER CURIAM.

This is an appeal from an order of the district court disallowing plaintiff's claim against the estate of Ida B. Snodgrass. The order from which plaintiff has appealed is not an appealable order. Rule 103.03, Rules of Civil Appellate Procedure. This is a pro se appeal and we have determined not to enforce a rigid application of the rule but to consider the matter on its merits as we are permitted to do by Rule 102, Rules of Civil Appellate Procedure.

Petitioner submitted a claim in the probate court of St. Louis County against the estate for room and board for Mrs. Snodgrass from July 1961 to July 1966 in the amount of $9,222.50. Plaintiff gave Mrs. Snodgrass credit for furniture and services, reducing the claim to $7,277.50. The probate court denied plaintiff's claim and he appealed to the District Court of St. Louis County, where the matter was tried de novo. The trial court found against plaintiff and thus this appeal.

The issues on this appeal are: (1) Whether the trial court erred in not granting plaintiff's motion for a change of venue; and (2) in substance and effect, whether the findings of fact are clearly erroneous (although not expressed in exactly this language).

Plaintiff made a motion for a change of venue from the District Court of St. Louis County to the District Court of Hennepin County on the ground of convenience of witnesses. This motion was made on the day before the trial was to begin. The granting of a change of venue on the ground that the convenience of witnesses will be promoted rests large-

ly in the scund discretion of the trial court, and its action will not be disturbed by this court unless there is a clear showing of abuse of discretion.[1] We are satisfied from the record here presented that the trial court properly acted within its discretion in denying plaintiff's motion.

Rule 52.01, Rules of Civil Procedure, provides in part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *. * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

The trial court found that decedent was an employee of plaintiff, that she was reimbursed for her services by the furnishing of room and board, and that plaintiff failed to maintain his burden of proof in attempting to substantiate his claim. From the entire records it appears that the findings of fact of the lower court were not clearly erroneous.

Affirmed.

[1] Boesch v. Nordby, 265 Minn. 232, 121 N. W. (2d) 163; Berg v. Knutson, 257 Minn. 595, 100 N. W. (2d) 99.