Harold **SPECKTOR**, et al, Respondents,

v.

The **COMMISSIONER OF REVENUE**, Relator.

No. 51944.

Supreme Court of Minnesota.

July 31, 1981.

Warren Spannaus, Atty. Gen., James W. Neher, Sp. Asst. Atty. Gen., St. Paul, for relator.

Irving Shaw, St. Paul, for respondents.

SHERAN, Chief Justice.

Relator is here on certiorari to contest a tax court ruling in which respondents were permitted to deduct losses from the operation of several apartment buildings. In November of 1972, respondents Irving Shaw and Harold Specktor formed Shaw-Specktor Properties, a partnership that would manage a number of apartment buildings owned by the individual respondents. On August 27, 1973, Shaw-Specktor Properties, Inc. was organized pursuant to Minnesota law. The incorporators, directors, and sole shareholders of the corporation are respondents Irving Shaw and Harold Specktor. Respondent Irving Shaw claims that the corporation was never used in the operation of the apartment buildings.

In the years 1972–73 and 1975–77, respondents filed Minnesota partnership tax returns and deducted large losses from the operation of the apartment buildings on their individual returns. On September 24, 1973, Shaw-Specktor Properties, Inc. filed an election to be taxed as a small business corporation pursuant to Minn.Stat. § 290.-972 (1974). For the 1974 taxable year, respondents filed a partnership return for electing small business corporations. Respondents also elected to be taxed as a subchapter S corporation under federal tax laws. As in the other years, respondents each deducted a large loss ($31,396.24) from the operation of the apartment buildings. Although the partnership and the corporation existed concurrently, no partnership return was filed in 1974. Likewise, for the years 1975–77, partnership returns were filed and no corporate returns were filed.

On June 4, 1975, the state tax examiner who processed respondents' returns mailed Shaw-Specktor Properties, Inc. a letter terminating the small business corporation election for the taxable year ending December 31, 1974. The election was terminated because more than 20% of the corporation's income came from rents. See id. § 290.972, subd. 5(5). Instead of no corporate tax liability for the 1974 taxable year, Shaw-Specktor Properties, Inc. was assessed $103.00. The corporate tax bill was paid by respondents and was never challenged.

After the election to be taxed as a small business corporation had been terminated, relator Commissioner of Revenue determined that the business losses attributed to the operation of the apartments had to be disallowed on respondents' individual returns for 1974. Therefore, on March 22, 1978, respondents Irving and Ruth Shaw were assessed $3,655.60 plus interest and respondents Harold and Anna Specktor were assessed $1,035.03 plus interest. Respondents were assessed after the time limit for filing an amended return had passed. No evidence was presented to the effect that the deduction of losses was disallowed by the Internal Revenue Service on the federal income tax returns of respondents.

Respondents appealed to the Minnesota Tax Court, claiming that the use of a small business corporation form had been a mistake and that the business was and always had been a partnership. Relator argued that respondents operated as a corporation and that once the election failed, the losses were properly disallowed. The Minnesota Tax Court, per Chief Judge John Knapp, reversed relator's order on May 27, 1980. Without reaching the issues raised by the parties, Chief Judge Knapp ruled that relator is bound by the federal determination of adjusted gross income under id. § 290.01, subd. 20. Because respondents' return was

not adjusted by the Internal Revenue Service, the tax court found that relator could not make his own adjustment. Relator appeals by writ of certiorari. We reverse.

■ In Minnesota, the term "gross income" has been defined to mean federal adjusted gross income. The provision at issue in this case states that:

the term "gross income" in its application to individuals, estates, and trusts shall mean the adjusted gross income as computed for federal income tax purposes as defined in the Internal Revenue Code of 1954, as amended through the date specified herein for the applicable taxable year, with the modifications specified in this section.

*Id.* § 290.01, subd. 20. We are asked to decide whether this provision permits the Commissioner of Revenue to adjust a taxpayer's Minnesota gross income notwithstanding the federal government's failure to make a similar adjustment. We hold that such an adjustment is authorized for two reasons.

First, several Minnesota statutes grant the Commissioner of Revenue authority to examine tax returns and make assessments if deficiencies are found. Section 290.56 permits the Commissioner of Revenue to examine taxpayer records:

For the purpose of determining the correctness of any return or of determining whether or not any person should have made a return or paid taxes or for the purpose of collection of any such taxes hereunder, the commissioner shall have power to examine, or cause to be examined, any books, papers, records, or memoranda relevant to making such determinations, or collecting such tax, including the taxpayer's retained copy of his return of income to the United States government for any year, whether such books, papers, records, or memoranda are the property of or in the possession of the taxpayer or any other person or corporation. He shall further have power to

require the attendance of any taxpayer or other person having knowledge or information in the premises to compel the production of books, papers, records, or memoranda by persons so required to attend, to take testimony on matters material to such determination, and to administer oaths or affirmations.

Minn.Stat. § 290.56, subd. 1 (1980). Section 290.46 requires the commissioner to examine taxpayer records for the purpose of determining the correctness of the return:

The commissioner shall, as soon as practicable after the return is filed, examine the same and make any investigation or examination of the taxpayer's records and accounts that he may deem necessary for determining the correctness of the return. The tax computed by him on the basis of such examination and investigation shall be the tax to be paid by such taxpayer. If the tax found due shall be greater than the amount reported as due on the taxpayer's return, the commissioner shall assess a tax in the amount of such excess and the whole amount of such excess shall be paid to the commissioner within 30 days after notice of the amount and demand for its payment shall have been mailed to the taxpayer by the commissioner. If the understatement of the tax on the return was false and fraudulent with intent to evade the tax, the installments of the tax shown by the taxpayer on his return which have not yet been paid shall be paid to the commissioner within 30 days after notice of the amount thereof and demand for payment shall have been mailed to the taxpayer by the commissioner.

Minn.Stat. § 290.46 (1974).[1] In addition, *id.* § 290.47 requires taxpayers to pay within 30 days of notice any delinquent tax that was not paid due to an incorrect, false, or fraudulent return.

■ The statutes quoted above would be a nullity if federal adjusted gross income were conclusive. Minn.Stat. § 645.17

1. This statute has been amended to provide for 60-day time periods. Minn.Stat. § 290.46 (1980).

(1980). Under the tax court's interpretation, if the federal adjusted gross income figure was the result of a mistake or even fraud, Minnesota would be powerless to correct the taxpayer's return. We hold that Minnesota's definition of gross income as federal adjusted gross income refers to the correct federal adjusted gross income. Such a position was recently taken by the tax court in *Hord v. Commissioner of Revenue*, No. 2909–S, at 5 (Minn.Tax Ct. Mar. 3, 1981) ("The Minnesota Department of Revenue has authority * * * to disallow deductions [used] in determining * * * federal adjusted gross income.").[2]

 A second basis for permitting an adjustment by relator is provided by the definition of Minnesota gross income. Several modifications to federal adjusted gross income are specified in the definition. Of particular importance is the following modification:

(c) Modifications affecting shareholders of electing small business corporations under section 1372 of the Internal Revenue' Code of 1954, or section 290.972 of this chapter.

(1) Shareholders in a small business corporation, which has elected to be so taxed under the Internal Revenue Code of 1954, but has not made an election under section 290.972 of this chapter, shall deduct from federal adjusted gross income the amount of any imputed income from such corporation and shall add to federal adjusted gross income the amount of any loss claimed as a result of such stock ownership. Also there shall be added to federal adjusted gross income the amount of any distributions in cash or property made by said corporation to its shareholders during the taxable year.

Minn.Stat. § 290.01, subd. 20(c)(1) (1974). Here, respondents made a small business corporation election that was terminated effective January 1, 1974. *Id.* § 290.972, subd. 5(5). Therefore, there was an ineffective election and any losses claimed on respondents' 1974 individual returns pursuant to the election may be questioned. *Id.* § 290.01, subd. 20(c)(1).

Respondents argued before the tax court that the small business corporation filing was made with the mistaken belief that the tax consequences would be no different than if a partnership return had been filed. It is respondents' position that this mistake justifies tax treatment as a partnership. Relator argued below that notwithstanding any mistake respondents operated as a corporation and should be taxed as such. Because the tax court did not issue findings on either of these issues, we remand this case to the tax court for further hearings consistent with this opinion.

Reversed and remanded.

---

2. The tax court relied upon several tax court cases for its position. *See Wicker v. Commissioner of Taxation*, No. 2245 (Minn.Tax Ct. July 25, 1979); *Moody v. Commissioner of Taxation*, Nos. 1521–24, 1763–65 (Minn.Tax Ct. Feb. 26, 1975); *Dalrymple v. Commissioner of Taxation*, No. 1481 (Minn.Tax Ct. June 17, 1970); *Wahlberg v. Commissioner of Taxation*, No. 1503 (Minn.Tax Ct. May 13, 1970). These cases considered situations in which the federal government audited a taxpayer, assessed additional taxes, and either all of the additional taxes were paid or lesser amounts were paid after a settlement. The above cited cases held that the taxpayer could not object to a Minnesota tax assessment based upon the new federal figure.