**Whitney E. TARUTIS and Eva G. Tarutis, Respondents,**

v.

**COMMISSIONER OF REVENUE, Relator.**

**No. C1–86–196.**

Supreme Court of Minnesota.

Oct. 3, 1986.

Hubert H. Humphrey, III, Atty. Gen., Amy Eisenstadt, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for realtor.

Whitney E. Tarutis, Bemidji, pro se.

SIMONETT, Justice.

In a taxpayers' appeal to the Minnesota Tax Court from the Commissioner of Revenue's reassessment of the taxpayers' income taxes, we hold it was error for the tax court to strike the commissioner's affirmative defense of collateral estoppel.

By orders issued August 30, 1984, the Commissioner of Revenue assessed additional state income taxes for 1976 and 1977 against respondent taxpayers, Whitney E. Tarutis and Eva G. Tarutis, his wife. The taxpayers appealed to the Minnesota Tax Court, alleging, among other things, the assessments were barred by the statute of limitations. The commissioner interposed an answer denying the allegations and asserted, as an affirmative defense, collateral estoppel. Attached to the commissioner's answer was a United States Tax Court's decision wherein that court had disallowed the same deductions in taxpayers' federal income tax returns that the commissioner was seeking to disallow in taxpayers' state income tax returns for the same years.

Taxpayers moved for summary judgment on the grounds the assessments were barred by the statute of limitations, or, in the alternative, to strike the defense of collateral estoppel from the commissioner's answer. The tax court denied the motion for summary judgment but granted the motion to strike. The commissioner, appearing before us by certiorari, claims it was error to strike his affirmative defense.

In computing their 1976 and 1977 federal adjusted gross income, the taxpayers had deducted their farm operation losses and some other property expenses from income they received from other sources. The Internal Revenue Service denied the deductions and taxpayers contested the denial. On June 7, 1982, following an evidentiary hearing, the United States Tax Court issued its decision disallowing the deductions. The court found the Tarutis farm had not shown a profit in over 30 years, the losses each year were large and the income negligible, there had been no effort to make the farm profitable, and there was no showing that any appreciation in value of the farm would offset the losses. The court held the farm operation was an "activity * * * not engaged in for profit." See I.R.C. § 183 (1984). The court also disallowed expenses on a commercial building, finding the property for the years in question was not held for the production of income. The Tarutises did not appeal the federal court decision.

## I.

As a threshold issue, taxpayers contend certiorari will not lie because the order sought to be reviewed is not a final order. See Minn.Stat. § 271.10, subd. 1 (1984) ("A review of any *final order* of the tax court may be had upon certiorari by the supreme court * * *" [emphasis supplied]). See also Minn.R.Civ.App.P. 116.

We agree an order striking an affirmative defense is not a final order. *See, e.g., Morey v. School Board of Independent School District No. 492, Austin Public Schools,* 268 Minn. 110, 113, 128 N.W.2d 302, 305 (1964). Ordinarily, we might treat the commissioner's petition as the equivalent of a petition for discretionary review under Minn.R.Civ.App.P. 105, but the rule mentions only petitions directed to the court of appeals. It would also seem advisable to provide for petitions for discretionary review when, as here with the tax court, the supreme court takes direct appeals, but Rule 105, as presently written, does not so provide. In this instance, however, we think good cause has been shown and the interests of justice will best be served if, under our inherent powers, we accept this appeal for discretionary review. *See* Minn.R.Civ.App.P. 102 (suspension of rules); *see also E.C.I. Corp. v. G.G.C. Co.,* 306 Minn. 433, 435, 237 N.W.2d 627, 629 (1976); *Henderson v. Estate of Snodgrass,* 289 Minn. 543, 185 N.W.2d 697 (1971).

## II.

■ We hold collateral estoppel may be asserted as an affirmative defense in these proceedings. The defense "precludes parties to an action from relitigating in subsequent actions issues that were determined in the prior action." *In re Village of Byron,* 255 N.W.2d 226, 228 (Minn.1977). Collateral estoppel applies when the following elements are satisfied:

(1) [T]he issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Willems v. Commissioner of Public Safety,* 333 N.W.2d 619, 621 (Minn.1983). *See generally Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948) (collateral estoppel in income tax cases "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal principles remain unchanged"). Two state jurisdictions have applied the doctrine of collateral estoppel in quite similar situations. *Calhoun v. Franchise Tax Board,* 20 Cal.3d 881, 143 Cal. Rptr. 692, 574 P.2d 763 (1978); *Hanson v. Oregon Department of Revenue,* 294 Or. 23, 653 P.2d 964 (1982) (the fact the prior adjudication was in the federal court does not preclude collateral estoppel from applying in the state court action).

Here the commissioner has made a showing that the issues in this case involving the deductability of certain farm losses and property expenses are identical to the issues which were before the United States Tax Court. It is undisputed there was a final judgment on the merits in the prior action and that the taxpayers were parties to the prior adjudication. The commissioner has also made a showing taxpayers had a full and fair hearing in the prior action. Clearly, the commissioner's defense of collateral estoppel is a sufficient defense to survive a motion to strike.[1]

The tax court, apparently thinking of the doctrine of equitable estoppel, incorrectly supposed there had to be some voluntary act on the part of the taxpayers whose conduct was sought to be estopped before collateral estoppel could apply. Collateral estoppel, however, is an entirely different concept from equitable estoppel. The tax

---

1. Minn.R.Civ.P. 12.06 says a motion to strike may be made on the grounds the pleadings are a sham and false, or constitute an "insufficient defense," or contain "redundant, immaterial, impertinent or scandalous matter." The purpose of the rule is to assure the pleadings frame relevant issues for pretrial discovery and trial. Presumably the tax court struck the defense of collateral estoppel as an "insufficient defense," the only possible grounds available here. But taxpayers can prevail on this ground only if the defense as a matter of law has no application. *See Donovan v. Robbins,* 99 F.R.D. 593, 596 (N.D.Ill.1983); *Oppel v. Empire Mutual Insurance Co.,* 92 F.R.D. 494, 496 (S.D.N.Y.1981). Whether the commissioner can prove his defense must await either a motion for summary judgment or trial on the merits.

court's reliance on *Specktor v. Commissioner of Revenue*, 308 N.W.2d 806 (Minn. 1981), is also misplaced. In *Specktor*, we held the commissioner of revenue could adjust the taxpayer's Minnesota gross income over the taxpayer's contention that the state should accept the IRS' determination of gross income. We pointed out that even though the IRS might not have corrected the adjusted gross income for federal tax purposes, this did not preclude our commissioner from doing so on the state tax returns and, we further pointed out, Minnesota's definition of gross income differed from the federal definition with respect to certain modifications thereof allowed by state law. Indeed, *Specktor* has nothing to do with collateral estoppel. There was no prior adjudication, only a failure by the IRS to adjust the taxpayers' federal returns, a matter, we might add, to which the commissioner of revenue was neither a party nor privy.

Minn.Stat. § 271.06, subd. 6 (1984), says the tax court shall hear every appeal "de novo." Taxpayers argue this statutory requirement is defeated if collateral estoppel applies. There is no merit, except perhaps ingenuity, to this argument. Of course the tax court hears taxpayers' appeal de novo, deciding the issues anew as if the commissioner had not already made a determination, *Stronge & Lightner Co. v. Commissioner of Taxation*, 228 Minn. 182, 195, 36 N.W.2d 800, 807 (1949), but included in the issues to be heard by the tax court is the issue of collateral estoppel. If it applies, the trial will be shortened, in keeping with the policies of judicial economy and finality on which collateral estoppel is based. *See Sunnen*, 333 U.S. at 599, 68 S.Ct. at 720 (the parties are relieved of "redundant litigation"). Finally, while the parties have briefed and argued the issue of the statute of limitations, we do not reach that question. Not only have taxpayers not petitioned for review of that issue, but the issue is dependent on facts which, as the tax court observed, are only tentatively developed and apparently in dispute at this time.

Reversed.