LEVI S. BENNETT *vs.* MINNEAPOLIS & PACIFIC RAILWAY COMPANY.

December 26, 1889.

**Motion to Strike out Testimony properly Denied.**—A motion to strike out "all" the testimony of a witness should not be allowed, where any part of the same had been properly received, and was material.

**Ejectment—Counterclaim for Condemnation—Compensation—Incumbrances.**—In an action of ejectment to recover land occupied for railroad right of way, the defendant availing itself of the statutory right to avoid ejectment by having compensation for the taking of the land awarded in the action, the amount of the compensation to be recovered by the plaintiff is not to be affected by proof on the part of the defendant of the existence of incumbrances (mortgages) upon the land, the mortgagees not being parties to the action.

Appeal by defendant from an order of the district court for Stearns county, refusing a new trial after a trial before *Searle,* J., and verdict of $921.20 for plaintiff.

*J. D. Springer* and *Reynolds & Stewart,* for appellant.

*Oscar Taylor,* for respondent.

DICKINSON, J.   This was an action of ejectment, to recover the possession of land occupied by the defendant for its railroad; but the defendant, by its answer, availed itself of the right given by statute to have an assessment, in this action, of damages for the taking of the land, and thus to secure the appropriation of the property for its corporate purposes.   The question of the value of the property came thus to be involved in the case.   The motion to strike out "all" the testimony of the witness Cloquet was properly denied, for the reason that, although it became apparent from the cross-examination that the testimony as to the damages to the farm resulting from the taking was based upon an erroneous theory, and was valueless, yet his testimony as to the value of the farm without the railroad upon it was not subject to this objection, and there was no sufficient reason why that should be stricken out.   The defendant's offer to prove the existence of two mortgages upon the land was properly excluded. That would not affect the measure of damages for the taking, nor the right of the owner of the fee to recover such damages, as between the owner and the railroad company.   *Knauft* v. *St. Paul, S. & T. F. R. Co.*, 22 Minn. 173.   In the ordinary statutory proceedings for condemnation, (Gen. St. 1878, c. 34, §§ 14, 15,) provision is made concerning incumbrancers.   They are to be made parties, and to be served with notice.   It was entirely optional with the defendant whether to bring into this action of ejectment a proceeding for securing an assessment of damages for the taking, so as to avoid ejectment.   It was not incumbent upon the plaintiff to see to it that other persons interested as incumbrancers were brought in as parties to the action.   Upon proof of title the plaintiff was entitled to the legal remedy for which the action was brought, unless that should be avoided by compensation in damages for the taking as authorized by the statute.   If it was proper or necessary that the mortgagees be brought in as parties, it was for the defendant to move for that purpose.   The mortgagees not being parties, there could be no binding adjudication as to any rights they might have, or might wish to assert, respecting the money which should be awarded as damages.   Hence the proof offered of the existence of the mortgages was immaterial.

Order affirmed.