GILLETTE-HERZOG MANUFACTURING CO. *vs.* R. W. ASHTON.

Submitted on briefs Oct. 10, 1893. Affirmed Oct. 18, 1893.

No. 8154.

**Double time for service under 1878 G. S. ch. 66, § 76.**

Where a complaint is served by mail after a seasonable demand by the defendant, the latter has double time to answer; and, if judgment is prematurely entered, he has an absolute right to have it set aside.

**Rules of court may be suspended.**

Rules of court in respect to the hearing of motions may, in the discretion of the court, be suspended by it in any particular case; and if the questions involved are rightly determined, after legal notice, this court will not reverse by reason of a technical departure from such rules.

Appeal by plaintiff, Gillette-Herzog Manufacturing Company, a domestic corporation, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made January 24, 1893.

Action against defendant, R. W. Ashton, to recover $63.16, balance of an account for goods sold and delivered. The Summons was personally served on November 22, 1892, by the Sheriff of Pipestone County. Defendant employed Janes & Cady of Pipestone to defend and they on December 1, 1892, served by mail notice of retainer and demand of a copy of the complaint. On December 5, 1892, the plaintiff's attorney, James A. Kellogg of Minneapolis, served by mail a copy of the complaint. On December 16, 1892, defendant's attorney served by mail a copy of the answer, (1878 G. S. ch. 66, § 76.) It was received the next day by plaintiff's attorney and he at once returned it by mail, as not served in time and caused judgment to be entered that day for the plaintiff for the amount claimed with disburse-

ments. This was done on an affidavit that no answer or demurrer or copy of either had been received by its attorney.

On January 6, 1893, the defendant on affidavits of these facts, the answer and an affidavit of merits, obtained an order that plaintiff's proceedings on the judgment be stayed and that it show cause on January 21, 1893, why the judgment and all proceedings under it should not be vacated, the copy answer stand served and the place of trial changed to Pipestone County, where defendant resided. At the hearing on the return day plaintiff objected that by Rule 2 of the District Court of Hennepin County the order should have been accompanied by a notice of motion setting forth the grounds on which defendant sought relief. The trial court disregarded the objection and granted the relief asked. Plaintiff appeals.

*Kellogg & Laybourn,* for appellant.

*Janes & Cady* and *F. L. Janes,* for respondent.

VANDERBURGH, J. The defendant appeared and demanded a copy of the complaint, which was served by mail on the 5th day of December, 1892. The service by mail gave the defendant double the time he would otherwise have been entitled to in which to answer.

Judgment by default was prematurely entered by plaintiff on December 16, 1892; and the answer received by mail on December 17th was refused and returned by plaintiff, on the sole ground indorsed thereon,—that the same was not served in time. The defendant had an absolute right to have the judgment set aside, because the time for answering had not expired. He accordingly applied to the District Court of Hennepin county, upon affidavit setting forth the facts, and procured a stay of proceedings, with an order to show cause why the judgment should not be set aside, procured on January 6, and returnable January 21, 1893. Upon the hearing, the relief sought was granted.

There is no doubt that the merits of the application are fairly disclosed by the affidavit and order, and that defendant was shown to be justly entitled to such relief. The plaintiff, however, seasonably objected to the form of the application, on the ground that the rules of the District Court of Hennepin county were not complied with in making the same. These provided that an order to show cause must be accompanied by a notice of motion setting forth the

grounds thereof, and that an order to show cause should not be granted when a motion can be made in the ordinary form upon notice. Such rules are very proper for courts to adopt for the orderly discharge of business; and if the court had sustained the objection, and refused the application without prejudice, this court would doubtless not have interfered. But, in its discretion, the court saw fit to suspend their operation in this particular instance, and dispose of the application on its merits. It was competent for the court to do this, *Nye* v. *Swan*, 42 Minn. 245, (44 N. W. Rep. 9 ;) and as the case was rightly determined on the merits, after due notice to the plaintiff and opportunity to be heard, the order appealed from should be affirmed.

(Opinion published 56 N. W. Rep. 576.)