STATE EX REL. EUGENE SULLIVAN v. DISTRICT COURT OF REDWOOD COUNTY AND ANOTHER.[1]

April 22, 1938.

No. 31,778.

*M. J. Daly* and *Moonan & Moonan,* for relator.
*Clague & Barnes,* for respondents.

PER CURIAM.

This case comes here upón an order to show cause why a peremptory writ of *mandamus* should not issue to the district court of Redwood county requiring it to transfer the case of Eugene Sullivan v. Herman Tonak and William Tonak, doing business as the Tonak Transfer Company, to the district court of Scott county for

[1]Reported in 279 N. W. 269.

the convenience of witnesses. A motion was made in the district court to effect such transfer but was denied on the ground of lack · of diligence. The action in question arose out of the collision between two motor vehicles on trunk highway No. 169 about three and one-half miles from the city of Shakopee on August 3, 1937. Suit was brought on September 20, 1937, in Scott county and was removed upon demand to Redwood county, where defendants reside. Thereafter that case was dismissed and the action now under consideration was brought on January 7, 1938, in Scott county and was immediately removed upon demand to Redwood county. January 20, 1938, the defendants served their answer. February 12, 1938, plaintiff interposed a general denial in reply. On February 25 the attorneys for the plaintiff prepared a motion for a change of venue and endeavored to communicate with the Honorable Albert H. Enersen, one of the judges of the ninth judicial district, to ascertain when he might hear their motion. He was at that time hearing cases in the city of Minneapolis and could not hear the plaintiff's motion in his own district until March 19. He offered, however, to hear the motion at an earlier date in Minneapolis if agreeable to both counsel. He heard the motion on March 19 at Marshall. The motion was denied because he considered that plaintiff had delayed from January 20, when the answer was served, for over a month before, on February 25, he prepared his motion. He then did not get it served until after March 5 nor heard until March 19. No explanation is made as to why he did not bring it on for hearing before the other judge of the ninth judicial district. Had the plaintiff interposed his general denial and moved promptly after the answer was interposed and had the motion been granted, the case would have been tried at the spring term in Scott county.

· District Court Rule No. 29 requires a party moving for change of venue to do so with due diligence, and it states that the change will not be granted unless applied for within a reasonable time after issue is joined nor shall a change of venue be granted where the other party will lose the benefit of a term unless the party asking for such change shall move therefor at the earliest reasonable op-

portunity. In this state of the record we cannot say that the trial court abused its discretion in denying plaintiff's motion.

The petition is denied, the stay of proceedings in Redwood county is vacated, and the order to show cause is discharged.

Mr. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.