## STANLEY SWORSKI AND ANOTHER v. S. H. COLEMAN AND ANOTHER.
## SAME v. B. H. SIMONS AND ANOTHER.[1]

November 22, 1940.

Nos. 32,744, 32,745.

*Levine & Levine,* for relators.

*A. E. Haering,* for respondents S. H. Coleman and National Surety Corporation.

*W. H. Lundstrom,* for respondent B. H. Simons.

*W. F. Odell,* for respondent Victor M. Weller.

STONE, JUSTICE.

This case has been here before. Sworski v. Simons, 208 Minn. 201, 293 N. W. 309. After a verdict for defendants and a denial of plaintiff's motion for new trial, we reversed. It is here again on an alternative writ of *mandamus* to determine whether plaintiffs are entitled to a change of venue (refused below) for the reason that, as

[1]Reported in 295 N. W. 62.

plaintiffs insist, they cannot have "a fair and impartial trial in Carver county."

July 24, 1940, plaintiffs noticed the case for retrial at the October general term in Carver county. Not until September 24, 1940, did they bring on for hearing their motion for change of venue. Such delay, unexplained, without more, is enough to prevent our holding that there was abuse of discretion in denying the motion. District Court Rule No. 29 [175 Minn. xlviii] requires "due diligence" after issue has been joined and the ground for the desired change has come to the knowledge of the party wanting it. It requires also that the change be denied "where the other party will lose the benefit of a term, unless the party asking for such change shall move therefor at the earliest reasonable opportunity after issue has been joined and he has information of the ground of such change."

The delay we now consider is only that which has ensued since our decision ordering a new trial and plaintiffs' resulting notice of trial. Of the reasons assigned for the desired change, plaintiffs had notice from a time antedating their July notice of trial. Their delay in moving for change of venue is unexplained. State ex rel. Sullivan v. District Court, 202 Minn. 519, 279 N. W. 269.

The attention of counsel for plaintiffs is invited to Rule II of this court [200 Minn. xxvi] requiring that "the style of all cases under review shall be as in the court below."

Writs discharged.