## ANN O'BRIEN v. NELLIE BROGAN AND ANOTHER.
## PITTSBURGH COAL COMPANY, RELATOR.[1]

October 31, 1941.

No. 33,016.

*Freeman & King,* for relator.

*H. H. Sturner,* for respondent Ann O'Brien.

*Moonan & Moonan,* for respondent Nellie Brogan.

PER CURIAM.

This matter is before us on our order to show cause why a writ of *mandamus* should not issue directing the judge of the fifth judicial district, Waseca county, to vacate an order denying, and to make one granting, relator's motion for change of venue to Hennepin county.

The action arose out of an automobile accident which occurred in Minneapolis. Plaintiff was a passenger in the automobile of defendant Nellie Brogan. The complaint is that through the neg-

[1]Reported in 300 N. W. 794.

ligence of both relator and Nellie Brogan, the latter's car was caused to collide with another vehicle, with resulting injury to plaintiff. Relator's defense is, in substance, a denial "that any of its trucks, agents or servants were in any way involved in the accident." The motion for change of venue was made under Mason St. 1927, § 9216(4), for the convenience of witnesses and promotion of the ends of justice.

Relator's showing would be compelling were it not for two obstacles. The major one is that the motion for change of venue was not made until 44 days after service of summons and complaint. True, in the meantime, some question was made as to whether relator was properly named. On this ground there was a motion to quash service, which was later withdrawn when relator got leave to interpose a tardy answer. It is plain that the motion for change of venue could well have been made, at least in the alternative, along with the motion to quash service.

Another factor which may have had substantial weight below is the fact that plaintiff is 71 years of age, and because of that and her injury there is a showing that it would be both difficult and unwise for her to go to Minneapolis for a trial. That exertion, in medical opinion, "might result in serious injury to her health."

It is not for us to disagree with the trial judge in a matter such as this unless we are satisfied that his denial of the change of venue is an abuse of discretion. Because of the two features just suggested, we cannot so hold.

Writ discharged.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.