ELLA ROPER v. INTERSTATE POWER COMPANY.
ROSE SEXTON v. E. O. HERTER AND ANOTHER.
ELSIE PLUMMER v. E. O. HERTER AND ANOTHER.[1]

November 27, 1942.

No. 33,427.

*Meighen, Knudson & Sturtz* and *Cummins & Cummins,* for relator.

*H. H. Sturner,* for plaintiff-respondents.

*Gallagher & Madden* and *Moonan & Moonan,* for respondent E. O. Herter.

PER CURIAM.

*Mandamus* to compel the judge of the fifth judicial district, Waseca county, to vacate an order denying, and to make one granting, relator's motions for change of venue.

The actions arose out of explosions and fires in the city of Waseca on January 9, 1942, causing a death and destroying and damaging many business buildings in the retail business district. A number of civil actions for money damages were commenced on February 2, 1942. Others were begun at a later date. The Interstate Power Company, relator here, was a defendant in all the suits. Liability in each action is based on the alleged negligence of relator in allowing a leakage of natural gas. The

[1]Reported in 6 N. W. (2d) 625.

motions for change of venue were served August 2, 1942, approximately six months after the actions were started.

The grounds for relator's motions are, in substance, as follows: That the local newspapers published as a fact that the damage resulted entirely from the ignition of escaping natural gas; that the self-interest of a large number of Waseca residents who are claimants in the interest of their relatives and friends, and perhaps creditors, would prevent the securing of a fair and impartial jury; that a large number of employes were thrown out of their accustomed jobs; and that the oral broadcasting of the fact of the alleged negligence of the power company in allowing the leakage of gas which caused the explosions and fires had fixed the minds of the voters, from whom the jurors would be drawn, in this belief.

Most of the information necessary to sustain relator's claims was known to it almost immediately after the fires and explosions. Undoubtedly the peak of the oral discussion of the accident among the people of the county and of the publication of the newspaper accounts was reached within a week after the disaster. Relator claims that it had to make an exhaustive and technical survey to gather all the facts, and that this required the services of experts. But such an investigation was not necessary to furnish the factual data upon which to base its motions for a change of venue of the actions. This was apparent, if at all, a short time after January 9, 1942. A delay of almost six months under this state of facts is contrary to District Court Rule 29 (175 Minn. xlviii), requiring a party moving for change of venue to do so with due diligence. O'Brien v. Brogan, 211 Minn. 192, 300 N. W. 794; State ex rel. Sullivan v. District Court, 202 Minn. 519, 279 N. W. 269. We cannot say that the trial court abused its discretion in denying relator's motions.

The petition for peremptory writ of *mandamus* is denied, and the alternative writ of *mandamus* is discharged.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.