# NATHAN K. THON v. CLARENCE R. ERICKSON.[1]

December 29, 1950.

No. 35,459.

*Samuel P. Halpern,* for relator.
*Swensen & Anderson,* for respondent.

MATSON, JUSTICE.

Application by plaintiff, by order to show cause, for peremptory writ of mandamus to compel the district court of Hennepin county to retain for trial an action based on fraudulent representations in the sale of a theater located in Lincoln county.

Plaintiff, who resides at Hendricks in Lincoln county, brought an action in Hennepin county against defendant, who resides at Sioux

---

[1]Reported in 45 N. W. (2d) 560.

Falls, South Dakota. The action is based on fraudulent representations in the sale by defendant to plaintiff of a theater at Hendricks, a village which is located about 12 miles from Ivanhoe, the county seat. Ivanhoe is about 100 miles from Sioux Falls and about 200 miles from Minneapolis. The action was commenced on June 13, 1950, and on June 30 defendant interposed his answer. On August 9, or 40 days after the joinder of issues, defendant served notice of motion for a change of venue on the statutory ground (M. S. A. 542.11[4]) that "the convenience of witnesses and the ends of justice would be promoted by the change." This motion was granted on September 20, 1950, when the Hennepin county district court ordered the venue changed to Lincoln county. Plaintiff's application for a peremptory writ of mandamus to compel the retention of the action for trial in Hennepin county raises two issues:

(1) Whether the trial court may, in the exercise of a sound discretion, suspend the operation of District Court Rule 29 in order to promote the ends of justice.

(2) Whether the trial court abused its discretion in ordering a change of venue.

■ Plaintiff has made no showing that a change of venue to Lincoln county will deprive him of the benefit of a court term. Therefore we are concerned only with that portion of District Court Rule 29 (M. S. A. p. 4249), which reads:

"A change of venue shall not be granted under the provisions of section 542.11, unless the party applying therefor uses due diligence to procure the same within a reasonable time after issue has been joined in the action and the ground for the change has come to the knowledge of the applicant."

Since the early decision of Sheldon v. Risedorph, 23 Minn. 518, it has been recognized in this jurisdiction that the trial court in its sound discretion may in a particular case suspend the operation of its rules—and thereby excuse a party from formal compliance therewith—in order to promote the ends of justice. Court rules are adopted to expedite the administration of justice, and when in a

particular case they fail of their purpose they may for cause be modified or suspended in the court's discretion.[2] If the ends of justice were promoted herein by a change of venue, then it was not an abuse of discretion to suspend the operation of Rule 29 in order to make that change possible.

■ The granting of a change of venue for the convenience of witnesses and to promote the ends of justice (§ 542.11[4]) rests within the sound discretion of the trial court, and its action will not be disturbed except for a clear abuse of discretion. Bowen v. Johnson, 221 Minn. 99, 21 N. W. (2d) 225; Vornbrock v. Bollig, 219 Minn. 577, 18 N. W. (2d) 441; 6 Dunnell, Dig. & Supp. § 10127. Whether a sound discretion is exercised in granting or denying a change of venue depends on the particular facts of each case. This is illustrated by O'Brien v. Brogan, 211 Minn. 192, 300 N. W. 794, where a change was denied not merely because of delay in moving therefor, but because medical opinion was presented to show that the increased travel which a change of venue would entail for plaintiff might result in serious injury to her health. A change of venue, it should be noted, may be granted merely because it *promotes* the convenience of witnesses and the ends of justice, and it is not necessary to show that the change is *required* for these purposes. § 542.11(4). See, State ex rel. Warner v. District Court, 156 Minn. 394, 194 N. W. 876. As applied to the instant case, we find no abuse of discretion. In his complaint, plaintiff alleged he had been induced to purchase the theater and its equipment by defendant's fraudulent representations as to the condition of the property and as to the net profits, which in turn were based in part upon alleged false representations as to patronage and as to the general condition of the area in the vicinity of the theater. Defendant submitted affidavits of 13 witnesses residing in Ivanhoe and the vicinity thereof, each of whom swore that if called as a witness he would testify to several pertinent issues such as to the general condition and

[2]Gillette-Herzog Mfg. Co. v. Ashton, 55 Minn. 75, 56 N. W. 576; Nye v. Swan, 42 Minn. 243, 44 N. W. 9; 2 Dunnell, Dig. & Supp. § 2773; see, 2 Minn. L. Rev. 81, 84; Annotation, 23 A. L. R. 59.

value of the theater and its equipment and the manner of its operation. On the other hand, plaintiff stated he had 20 witnesses who reside in Hennepin county, and that of these six are experts who will testify as to the value of the personal and the real property and as to business conditions. Plaintiff's other 14 witnesses are bookkeepers or managers of various booking agencies who will testify as to the quality, caliber, and box-office value of the pictures shown by both parties in this action. Defendant by his affidavit, however, admits that the quality, caliber, and box-office value of the pictures exhibited by plaintiff were equal to those exhibited by defendant. It has further been represented that a view of the premises by the jury will reasonably become necessary for a proper understanding of the evidence.

Taking into consideration the respective travel distances, the nature and location of the property, the admission of defendant, and the issues that are likely to arise, we cannot say that the trial court could not reasonably find that a change of venue to Lincoln county would promote both the convenience of witnesses and the ends of justice. We find no abuse of discretion.

A peremptory writ of mandamus is denied.

So ordered.