# RAY W. THIES v. MIDLAND CO-OPERATIVE WHOLESALE, INC., AND OTHERS.

## 95 N. W. (2d) 307.

### February 20, 1959—No. 37,728.

*James D. Kempf* and *Durham, Swanson & Lasley,* for relator.

*Berens & Rodenberg,* for respondents The Honorable William C. Larson and R. T. Rodenberg, Special Administrator of the Estate of Hugo Trebesch.

PER CURIAM.

Plaintiff brought suit for damages in the District Court of Hennepin County. Defendants applied for a change of venue to Brown County on the ground of convenience of witnesses and in the interest of justice. M. S. A. 542.11(4).

The District Court of Hennepin County granted defendants' motion

for change of venue to Brown County. Plaintiff applied to this court for a writ of mandamus to compel the Hennepin County District Court to retain the action by vacating its order changing venue to Brown County.

Plaintiff was injured in a collision between his automobile and a truck-trailer[1] on Highway No. 14 about 4 miles west of Sleepy Eye, Minnesota, which is in Brown County. Plaintiff was hospitalized temporarily in Sleepy Eye, but then transferred to Minneapolis where he was in and out of the hospital for 4 years.

The trial court found that the convenience of witnesses and the ends of justice would be promoted by a change of venue to Brown County. In a memorandum, which was not made a part of its order, the trial court in effect said that because the accident happened in Brown County and a large majority of the witnesses were either in or near said Brown County the change of venue was granted.

■ The rule is well settled that the granting of a change of venue for the convenience of witnesses and to promote the ends of justice rests within the sound discretion of the trial court and its action will not be disturbed except for a clear abuse of discretion.[2] In passing upon the issue of whether there has been an abuse of that discretion, this court is confined to a consideration of the evidence that was presented to the trial court.

Defendants in their affidavits set forth that they will call eleven witnesses who reside in or near Brown County. Two residents are eye-witnesses to the accident. Five other witnesses arrived at the scene of the accident shortly after it happened. Two other witnesses are physicians who treated plaintiff in Sleepy Eye. Another is the keeper of records for the Sleepy Eye hospital. A local photographer who took pictures of the scene and the position of the vehicles is now apparently a resident of the State of Washington and it is equally convenient for him to travel to Hennepin County or Brown County.

---

[1]Defendant Midland Co-Operative was the lessee of the truck-trailer; defendant Virgil Wilson was driving the truck-trailer; defendant A. E. Johnson was the owner of the tractor; and defendant Smith's, Inc., was the owner of the trailer.

[2]Thon v. Erickson, 232 Minn. 323, 45 N. W. (2d) 560; 20 Dunnell, Dig. (3 ed.) § 10127.

Plaintiff, who now seeks to have the change of venue order vacated, sets forth in his affidavit that he will call seventeen witnesses, most of whom live in or near Hennepin County. Two of these are eyewitnesses; namely, plaintiff himself who resides in Ramsey County, and a passenger in his automobile who resides in Hennepin County. Twelve or thirteen are Hennepin residents who in some capacity rendered services in connection with the care, treatment, and hospitalization of plaintiff. Defendant Wilson, who drove the truck, is now a resident of Florida.

■ Was plaintiff's affidavit sufficiently definite in setting forth the need for the testimony of the various witnesses pertaining to the care, treatment, and hospitalization of plaintiff? Although in seeking a change of venue for the convenience of witnesses it is not necessary for a party to expose all his evidence in the affidavit supporting his motion by stating in detail what each witness will testify to,[3] it is, however, necessary that he state of his own knowledge, and not upon hearsay, the general matters to which the witness has indicated to him that he will testify.[4] In applying this principle to plaintiff's affidavit, it is to be noted that affiant states as to thirteen witnesses that they "will be called to prove the nature and amount of the [medical] services rendered." After this general assertion are listed a number of witnesses for whom such a showing is unquestionably inadequate. For example, plaintiff should have stated more than merely "Dr. Richard C. Gaard, Anesthesia—$35.00." If Dr. Gaard will only testify that he administered anesthesia to plaintiff and that $35 is the reasonable charge therefor, it can hardly be said that he is an essential witness at the trial. The fact that anesthesia was administered and that a reasonable charge therefor is $35 can be settled by the testimony of other medical witnesses or by stipulation of the parties. This observation applies equally to "Dr. E. T. Cedar, Skin treatments—$40.00"; "Anesthesia Associates—$55.00"; "Minneapolis Curative Workshop—$152.00"; and "Buchstein-Medcalf Co., braces—$100.65." In the absence of a more adequate showing by plaintiff that these witnesses are necessary at the trial, the trial court could properly

---

[3]Miller v. Anchor Cas. Co. 233 Minn. 87, 91, 45 N. W. (2d) 705, 708.

[4]Schultz v. Land O' Lakes Creameries, Inc. 238 Minn. 554, 555, 54 N. W. (2d) 781, 782.

ignore them in counting the witnesses living in or near Hennepin County.

We do observe, however, that the showing that certain other medical witnesses will testify to "the nature and amount of the services rendered" is sufficient as to other witnesses. By way of example, it is readily understood what a witness from "Northwestern Hospital, Minneapolis—$11,935.43" or "Dr. R. F. McGandy, Reduction of fractures, aspiration of chest, etc.—$607.00" will testify to and that such showing reasonably indicates the necessity of their presence at the trial.[5] Unquestionably the showing as to the necessity of the testimony of some of plaintiff's medical experts is adequate in presenting the general matters to which they will testify. After carefully considering the showing of necessity made by plaintiff's affidavit, it reasonably appears that only six, or at most seven, of plaintiff's medical witnesses are essential to the presentation of his case at trial. All such medical witnesses reside in Hennepin County. In addition we have the two witnesses to the accident, plaintiff himself and the passenger in his automobile.

Although the trial court's statement in its memorandum that "a large majority of the witnesses are either in or near Brown County" is not sustained by the evidence, we cannot say that the trial court abused its discretion in granting a change of venue to Brown County for the convenience of witnesses and the promotion of the ends of justice. At most plaintiff has nine essential witnesses in or near Hennepin County who are essential to his cause and the defendant at most has ten essential witnesses who reside in or near Brown County. Of course the test of whether a trial court has abused its discretion in granting a change of venue is not based on a mere counting of witnesses. We cannot, however, say that the two physicians from Sleepy Eye are any less essential to defendants' case than the medical experts in Hennepin County are to plaintiff's presentation. Other factors are to be considered. In the promotion of justice, the trial court could take into consideration the court calendars in the two counties. It appears that if the case is heard in Brown County it will be brought on for trial much earlier than it would

---

[5] Also defendants understand what "Drs. Evans & Reiley, treatment of fractures and open operations—$3,062.00" and "Dr. B. W. Schultz, D.D.S., work on teeth—$131.00" will testify to.

be in Hennepin County. Since a view of the scene of the accident may be desirable, it was proper for the court to give some weight to the fact that the accident occurred in Brown County.[6] Accident locus, however, is not too important where, as here, photographs of the scene were taken soon after the accident. These photographs show the entire scene and minimize the necessity for an autoptic view.

Although the question is a close one, we conclude that the trial court did not clearly abuse its discretion in granting a change of venue to Brown County.

Writ discharged.

---

[6]King v. Schultz, 231 Minn. 569, 43 N. W. (2d) 278.