### MERLYN BOESCH AND OTHERS v. DALE NORDBY AND OTHERS.

121 N. W. (2d) 163.

April 11, 1963—Nos. 39,038, 39,039, 39,040.

*H. A. Cousineau, Jr.,* and *Mordaunt, Walstad, Cousineau & Hagglund,* for relator.

[7]Baker v. Connolly Cartage Corp. 239 Minn. 72, 57 N. W. (2d) 657.

*Erickson, Zierke & Kuderer* and *Charles R. Zierke,* for respondents Boesch and Rosburg.

*James H. Manahan* and *Gallagher, Farrish & Zimmerman,* for respondent Thomsen.

PER CURIAM.

The above matters are before us on alternative writs of mandamus to compel the District Court of Martin County to set aside an order denying relator's motion for a change of venue from Martin County to Ramsey County.

Three actions are involved. They grow out of an automobile collision which occurred on U. S. Highway No. 61, near the Village of White Bear Lake, Minnesota, between a 1962 Chevrolet station wagon and a Ford dump truck. The station wagon was owned by Dunn Rental Corporation of Iowa and was operated by one James Maday. The other occupants of the station wagon were James G. Thomsen, Royden G. Rosburg, and Merlyn Boesch. Maday, Rosburg, and Thomsen were fatally injured. The Ford truck was owned by Ray Sina Contracting Company and was operated by Dale Nordby.

The actions were instituted by the trustees for the heirs of Rosburg and Thomsen and by Merlyn Boesch, who sustained personal injuries. During their lifetime Rosburg and Thomsen resided in Martin County and the trustees have been appointed by the district court of that county. Merlyn Boesch is also a resident of Martin County. James Maday, the deceased driver of the Chevrolet automobile, was a resident of Martin County, and the administrator of his estate, who is one of the defendants, was appointed by the probate court of that county. Another defendant, Dale Nordby, the driver of the truck, is a resident of Beltrami County. The owner of the Ford truck was not made a party defendant but the owner of the station wagon was. It will appear from the foregoing that all of the parties plaintiff and the defendant representative of the estate of decedent Maday are residents of Martin County. The defendant Nordby who is relator here is the only individual party to the action who is not a resident of Martin County.

Relator's motion to change the venue to Ramsey County was predicated on Minn. St. 542.11, which so far as here applicable provides:

"The venue of any civil action may be changed by order of the court in the following cases:

\*   \*   \*   \*   \*

"(4)   When the convenience of witnesses and the ends of justice would be promoted by the change."

In support of the motion counsel for relator point out that all of the witnesses who can testify with reference to the circumstances of the accident reside in or north of Ramsey County and that consequently the convenience of witnesses and the ends of justice would be served by having the case tried there. Relator's affidavits represent that there are nine witnesses who will be called in his behalf. These witnesses would testify with reference to the collision, skid marks, position of the vehicles after the accident, speed of the vehicles prior to the accident, and would also identify photographs. The principal basis for the requested change of venue is the inconvenience to which the witnesses will be subjected by having to travel a distance of approximately 140 miles from St. Paul to Fairmont, the county seat of Martin County.

We gather from the opposing affidavits, however, that numerous witnesses residing in and about Fairmont will be called by the plaintiffs. These include the representatives and survivors of the decedents, who might be expected to testify with reference to damages, and other witnesses who, it is asserted, may be called to give testimony with reference to the circumstances of the trip, including the ownership and control of the vehicles at the time of the collision. It also appears from the affidavit of an attorney for one of the plaintiffs that he proposes "to call all or substantially all of the witnesses set forth in the affidavits filed in support of the defendant, Dale Nordby's motion for change of venue, and that the expense and burden of having these witnesses attend trial in Martin County, Minnesota, will be the responsibility of the plaintiffs."

It does not appear from the record that the witnesses who reside in Ramsey County would be subjected to undue inconvenience or that a serious conflict in personal situations would result by their attendance in court in Martin County. It is also of importance that if the actions are

tried in Ramsey County a delay of some 15 months will ensue whereas if tried in Martin County they may be disposed of at the current term.

The criteria to be considered in determining a motion for change of venue have been discussed by this court innumerable times and these cases are gathered in 20 Dunnell, Dig. (3 ed.) § 10127, note 40. They support the well-recognized rule that the granting of a change of venue for the convenience of witnesses and to promote the ends of justice rests within the sound discretion of the trial court, and its action will not be overruled except for the clear abuse of discretion. Thies v. Midland Co-op. Wholesale, Inc. 254 Minn. 369, 95 N. W. (2d) 307.

The views expressed in the Thies case are particularly appropriate here. We there observed that the test of whether a trial court had abused its discretion is not necessarily controlled by the mere counting of witnesses, but that other factors may also be considered. The trial court could not well ignore the status of the court calendars in the two counties. The fact that a delay of at least 15 months in the trial of the case could be avoided by having the cases tried in Martin County was an important factor for the trial court to consider. Moreover we are inclined to agree with the trial court that the proximity of the Ramsey County witnesses to the locus of the accident was not controlling. In view of modern highway conditions and travel facilities, it cannot be said that the distance involved here is so great as to create a condition which would materially inconvenience witnesses so as to interfere with the "ends of justice."

We have also considered the contention of relator that trial in Ramsey County will provide an opportunity for a view of the scene of the accident. This contention is disposed of in the Thies case where we said (254 Minn. 373, 95 N. W. [2d] 311):

"* * * Accident locus, however, is not too important where, as here, photographs of the scene were taken soon after the accident. These photographs show the entire scene and minimize the necessity for an autoptic view."

From a careful review of the numerous contentions made by relator and the material submitted in support of them, we are satisfied that

the trial court properly acted within its discretion and that its order should not be reversed.

Writs discharged.

Mr. Justice Sheran took no part in the consideration or decision of this case.