## JACK KMECIK v. JOHN MELOSKY AND ANOTHER.

142 N. W. (2d) 625.

May 4, 1966—No. 40,339.

*Max Shapiro,* for relators.
*Erickson & Erie* and *Sletten C. Olson,* for respondent.

PER CURIAM.

This proceeding involves an application for a writ of mandamus to compel the District Court of Polk County to change the venue of the action from that county to Hennepin County.

The action involves an attempt to set aside a deed to land situate in Polk County made by Andrew Kmecik, Senior, to relators, one of whom, Anna Mary Melosky, is his daughter. Andrew Kmecik is now deceased. The application states that about 13 witnesses living in Hennepin County will be called by defendants, some of whom are advanced in age and would be unable to make the trip to Crookston, the county seat of Polk County, for the trial of the case. Plaintiff claims that approximately 9 witnesses from that area would be called in the trial.

A review of the affidavits submitted for and on behalf of the demand for change of venue does not establish such a balance in favor of defendants as would justify us in interfering with the trial court's discretion in denying the motion for change of venue based upon convenience of witnesses and ends of justice under Minn. St. 542.11.

In the case of Boesch v. Nordby, 265 Minn. 232, 235, 121 N. W. (2d) 163, 165, we said:

"The views expressed in the Thies case [254 Minn. 369, 95 N. W. (2d) 307] are particularly appropriate here. We there observed that the test of whether a trial court had abused its discretion is not necessarily controlled by the mere counting of witnesses, but that other factors may also be considered. The trial court could not well ignore the status of the court calendars in the two counties."

Here it appears that the trial could be had expeditiously in Polk County, while the calendar in Hennepin County is far behind. Many of the witnesses are well advanced in age. We assume that the trial court in Polk County will grant defendants additional time within which to take depositions of those witnesses unable to travel. We see no such disparity in the equities of the case as to warrant interference with the trial court's discretion.

The alternative writ heretofore granted is therefore set aside.