481 N.W.2d 24 (1992)
In re MINNESOTA PERSONAL INJURY ASBESTOS CASES; Robert Appelgren and Marion Appelgren; John C. Biagini and Margaret Biagini; Darwin Cunningham and Jeannette Cunningham; Kenneth Egan and Eileen Egan; George Oster; Mark Pardy and Delores Pardy; Clarence Pietruszewski and Helen Pietruszewski; Lawrence Provost and Lavonne Provost; Richard Trummer and Barbara Trummer; William Wayman and Esther Wayman; Alfred E. O'Neill and Geraldine O'Neill, Plaintiffs-Respondents,
v.
KEENE CORPORATION, Defendant-Petitioner.
Nos. C8-91-954, CX-91-955.
Supreme Court of Minnesota.
February 14, 1992.
*25 Stephen J. Foley, Kyle B. Mansfield, Bryan K. McKamey, Foley & Mansfield, Minneapolis, for defendant-petitioner.
Michael S. Polk, Michael R. Sieben, Richard A. LaVerdiere, Scott R. Hertogs, Bernard M. Dusich, Sarah L. Micallef, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Hastings, for plaintiffs-respondents.
Joseph T. Dixon, Jr., David Bradley Olsen, Henson & Efron, Minneapolis, for ACands, Inc.
John P. Borger, Kirk O. Kolbo, Bruce Jones, Ann Marie Hanrahan, Faegre & Benson, Minneapolis, for Owens-Corning Fiberglas Corp.
Arlen R. Logren, Castor, Klukas, Scherer & Logren, Chtd., Barristers Trust Bldg., Minneapolis, for Anchor Packing Co.
Karen L. Dingle, Baukol, Nyberg & Thompson, St. Louis Park, for API.
Joseph M. Goldberg, Mahoney, Dougherty & Mahoney, Minneapolis, for A.W. Chesterton and H.H. Robertson Co.
Charles H. Becker, Meagher & Geer, Minneapolis, for A.H. Bennett Co.
Trevor Will, Foley & Lardner, Milwaukee, WI. and James E. Moon, Law Offices of James E. Moon, Minneapolis, Mn. for Amchem Products, Inc.
Considered and decided by the court en banc without oral argument.
KEITH, Chief Justice.
Keene Corporation has petitioned this court for a writ of prohibition[1] restraining the Hennepin County District Court from enforcing its order consolidating, for trial, eleven personal injury asbestos cases. We stayed all trial proceedings pending disposition of the sole question presented, the propriety of the consolidation. We deny the petition for the writ of prohibition.
Asbestos litigation presents unique challenges to the judicial system.[2] This court, *26 like courts in other jurisdictions, has assigned one judge of the district court to preside over all asbestos related claims brought in the Minnesota state courts. In re Minnesota Asbestos Litigation, Order, December 14, 1987. The rationale for this order was that the asbestos claims "will involve, in numerous instances, similar questions of law and fact, problems in discovery, theories of recovery and defense," and that the assignment of all cases to one judge was "necessary for the convenience and economy of the parties, all counsel, the public and the Court." Id. The designated trial court, as any district court, was vested with considerable managerial authority over all phases of the litigation, including by implication questions relating to consolidation pursuant to Minn.R.Civ.P. 42.01 and change of venue, Minn.Stat. § 542.11 (1990).
This petition centers upon an order of the trial court granting the plaintiffs' motion to consolidate for trial their eleven separate actions commenced against, among others,[3] defendant Keene Corporation, an asbestos manufacturer officed in Hennepin County. The eleven actions were originally separately venued in three counties; eight in Dakota County, two in Hennepin County and one in Washington County. The consolidated action will be tried in Hennepin County.
The consolidation of these actions was ordered pursuant to Minn.R.Civ.P. 42.01 (1990) which provides:
When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
A trial court's determination that consolidation is appropriate will not be reversed except on a showing of abuse of discretion. Simchuk v. Fullerton, 299 Minn. 91, 216 N.W.2d 683 (1974); Fitzer v. Bloom, 253 N.W.2d 395 (Minn.1977).
Although each plaintiff has an extensive and distinct work history, medical history, and prognosis, the underlying facts and procedural postures of the separate actions demonstrate anticipated similarities and common issues of law and fact. Nine plaintiffs worked as pipe coverers, one was a plumber, and one worked in a factory; all eleven plaintiffs have asbestosis, two also have pleural disease, and one has cancer; all eleven plaintiffs are represented by the same law firm although different attorneys within the firm represent different plaintiffs; all discovery has been completed; ten of the eleven plaintiffs are being treated by the same physician or a partner of that physician; the same pulmonologist will testify for each plaintiff regarding general medical and liability issues; and the same adverse physician will testify for Keene against all eleven plaintiffs. All claims are asserted against the one remaining defendant, Keene Corporation.
It is likely that there will also be common issues of law, including those relating to the connection between exposure to asbestos and disease; the varieties of diseases that occur subsequent to asbestos exposure; the amount of asbestos exposure that provokes disease; the manufacturer's knowledge regarding the dangers of asbestos exposure; and the admissibility of evidence relating to the authenticity of materials that may indicate manufacturer knowledge. See Hensler, et al., Asbestos in the *27 Courts: The Challenge of Mass Toxic Torts (1985).
We decline to decide today the specific criteria to consider in consolidation, but note that under the guidelines articulated in both Hendrix v. Raybestos, 776 F.2d 1492 (11th Cir.1985), and an oft-cited decision of Maryland, In re All Asbestos Cases Pending in the United States District Court for the District of Maryland, (D.Md. filed Dec. 16, 1983), that the decision to consolidate was neither arbitrary nor unwarranted and was well within the discretion of the trial court.
The practical effect of the consolidation decision of these actions originally venued in different counties is the transfer of venue of nine of the actions from either Dakota County or Washington County to Hennepin County. The petitioner contends that the decision is inconsistent with both Minn.Stat. § 542.01 (1990) and the December 14, 1987 administrative order of this court, each of which generally contemplates trial in the county in which the action is commenced. We disagree.
The trial court is authorized to change venue "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." Minn.Stat. § 542.11(4) (1990). The discretionary authority of the trial court to consider and decide all motions affecting the proceedings is implicit and wholly compatible with the comprehensive administrative order of this court. The petitioner has failed to identify any prejudice which might result from trial in the county in which it resides and in which the actions could have been originally commenced. Accordingly, the consolidation resulting in the change of venue is a proper exercise of the trial court's discretion. See Bucko v. First MN. Sav. Bank F.B.S., 471 N.W.2d 95, 98-99 (Minn.1991), citing Sorenson v. Kruse, 293 N.W.2d 56, 62 (Minn. 1980). See also In re Joint E. & So. Dist. Asbestos Litigation, 769 F.Supp. 85 (E. & S.D.N.Y.1991).
Our consideration of the petition for the writ of prohibition to review this interlocutory order was prompted by our desire to clarify the broad managerial and substantive authority of the trial court. The December 14, 1987 order provided for periodic review of the effectiveness of asbestos case consolidation and we have taken this opportunity to do so. However, except in unusual circumstances, review of the propriety of consolidation should be accomplished on appeal from a final judgment where the complete record at trial is available to the court. See Firemen's Ins. Co. of Newark, N.J. v. Keating, 753 F.Supp. 1137, 1141 (S.D.N.Y.1990).
Petition for writ of prohibition denied.
COYNE, J., took no part in the consideration and decision of this matter.
NOTES
[1] Alternatively, Keene Corporation has petitioned this court for discretionary review of the pretrial order of the district court. Because this court, in its inherent authority to supervise issues implicating policies of judicial administration, has in the past exercised jurisdiction over matters related to "Minnesota Asbestos Litigation," it accepted the alternative petitions directly and now proceeds on the petition for the writ of prohibition alone.
[2] The problems of asbestos litigation have been documented and discussed at some length. See, e.g., Hensler, et al., Asbestos in the Courts: The Challenge of Mass Toxic Torts, (1985); McGovern, Toward a Functional Approach for Managing Complex Litigation, 53 U.Chi.L.Rev. 440 (1986); Mullenix, Beyond Consolidation: Postaggregative Procedures in Asbestos Mass Tort Litigation, 32 Wm. & M.L.Rev. 475 (1991); Miller and Ainsworth, Resolving the Asbestos Personal-Injury Litigation Crisis, 10 Rev. Litigation 1 (1991). There are approximately 30,000 asbestos cases pending in the federal courts and over 60,000 pending in the state courts. Miller and Ainsworth, supra, at 2-3. Several studies, including one for the United States Department of Labor, indicate that approximately 21 million persons in America have been significantly exposed to asbestos. Jackson v. Johns-Manville Sales Corp., 750 F.2d 1314, 1323 (5th Cir.1985).
[3] The plaintiffs' actions originally named 40 defendants. At the time of the court's oral consolidation order, only two defendants remained in the litigation; Keene and Owens Corning Fiberglass Corporation. Owens Corning Fiberglass Corporation, a defendant in three of the eleven actions, settled with the plaintiffs subsequent to the oral consolidation order. Keene Corporation remains as the only defendant.