In re CONTINENTAL CASUALTY
COMPANY and Continental In-
surance Company, Petitioners.

Continental Casualty Company,
et al., Appellants,

v.

3M Company, Respondent,

ACE Bermuda Insurance, Ltd.,
et al., Defendants,

Transamerica Premier Insurance Com-
pany, n/k/a Fairmont Premier In-
surance, Respondent.

No. A07–784.

Supreme Court of Minnesota.

May 29, 2008.

Patrick J. Sauter, Jeanne H. Unger, Bri-
an H. Sande, Bassford Remele, PA, Min-
neapolis, MN, for appellants Continental

Casualty Company and Continental Insurance Company.

Douglas L. Skor, Louise Dovre Bjorkman, Larson King, LLP, St. Paul, MN, for respondent 3M Company.

## OPINION

MEYER, Justice.

This case arises from a declaratory judgment action commenced in Hennepin County by petitioners Continental Casualty Company and Continental Insurance Company (Continental), insurers of respondent 3M Company. The action seeks a declaratory judgment denying 3M coverage under Continental's policies based on a variety of breach-of-contract claims. In addition, in the event that coverage is not denied, Continental seeks resolution of trigger and allocation issues to apportion coverage among insurers and 3M. The claims against 3M underlying the coverage dispute involve allegations that defective protective masks manufactured by 3M resulted in injury to users who were exposed to various harmful agents, including asbestos. Additional underlying claims allege injury resulting from exposure to products produced by 3M that themselves contained harmful agents, including asbestos.

Continental venued its declaratory judgment action in Hennepin County District Court on the basis that both the plaintiffs and 3M reside in Hennepin County. Respondent moved for a change of venue to Ramsey County, contending that no defendant resided in Hennepin County and further, that the ends of justice would be promoted by a change of venue to Ramsey County based on certain asbestos orders. Hennepin County District Court trans-

ferred venue to the asbestos judges in Ramsey County. The court of appeals affirmed. We also affirm.

According to the complaint, 3M has been the target of a large number of toxic-exposure claims, many of which allege injury resulting from exposure to asbestos-containing products. Continental and many other insurers named in this action issued excess liability insurance policies to 3M at various times after approximately 1960. Continental alleges that 3M has defended, settled, and paid toxic-exposure claims without giving its insurers notice, an opportunity to participate in the defense, or an opportunity to evaluate the settlements.

On January 5, 2007, Continental commenced a declaratory judgment action in Hennepin County District Court, naming 3M and its other insurers as defendants, and seeking to determine the extent of its insurance coverage obligations for a variety of toxic-exposure claims, including many asbestos-exposure claims.

3M demanded a change of venue. 3M argued that there is no defendant residing in Hennepin County and because 3M has its principal place of business in Ramsey County, a change of venue is mandated by Minn.Stat. § 542.09.[1] 3M also argued that the ends of justice would be promoted by a change of venue to Ramsey County based on a series of orders of chief justices in *In re Minnesota Asbestos Litigation,* No. C4–87–2406, assigning asbestos litigation to specific judges, the most recent assignment being made to two Ramsey County judges. 3M alleges that 90 percent of the protective mask claims involve asbestos exposure.

The Hennepin County court found that the coverage dispute in this case involves

---

1. This legal and factual dispute is not before the court in this appeal.

coverage for "claims against 3M alleging bodily injury from exposure to * * * asbestos, silica, coal dust, perfluoronated chemicals, and benzene, allegedly caused by 3M products." The court found that the majority of the claims for which coverage is at issue, and the majority of the costs incurred by 3M for those claims, involve personal injury allegedly caused by asbestos or asbestos-containing products. The court concluded as a matter of law that the asbestos "assignment order is not limited to cases that relate exclusively to asbestos" and can include insurance coverage actions. The court concluded that a transfer of venue to the asbestos judges in Ramsey County would promote the ends of justice. The court further concluded that for the purpose of the convenience of witnesses, Ramsey County is more convenient, or at least as convenient as Hennepin County. Accordingly, the court transferred the case to Ramsey County under Minn.Stat. § 542.11(4) (2006).

Continental sought appellate review of the transfer of venue by filing a petition for a writ of mandamus in the court of appeals. The court of appeals noted that a decision to change venue under section 542.11(4) " 'rests within the sound discretion of the trial court, and its action will not be disturbed except for a clear abuse of discretion.' " *Cont'l Cas. Co. v. 3M Co.,* No. A07–784 at 2 (Minn.App. May 16, 2007) (order denying petition for mandamus) (quoting *Thon v. Erickson,* 232 Minn. 323, 325, 45 N.W.2d 560, 561 (1950)). After reviewing the reasons summarized above for the district court's decision to change venue, the court of appeals concluded that the decision was well within the district court's discretion and Continental had not shown any abuse of discretion. *Id.* at 4. This appeal followed.

## I.

The first issue is whether the court of appeals used the correct standard of review in evaluating the transfer of venue by reviewing for an abuse of discretion. Continental argues that the district court's decision to transfer venue was based on its interpretation of this court's asbestos order, and that such interpretation is a question of law subject to de novo review. 3M argues that the district court did not decide an issue of law, but merely applied the criteria for discretionary transfer of venue under Minn.Stat. § 542.11(4) (2006). As a result, 3M argues, the court of appeals appropriately reviewed only for abuse of discretion.

The district court concluded that venue should be transferred to the asbestos judges in Ramsey County because the asbestos orders "can include insurance coverage lawsuits," and that transfer of this case "will promote the ends of justice." The district court thus based its decision to transfer venue on both this court's asbestos order[2] and the criteria of Minn. Stat. § 542.11(4). The court of appeals reviewed the venue ruling for abuse of discretion, analyzing the district court order under the criteria of Minn.Stat. § 542.11(4). *Cont'l Cas. Co. v. 3M Co.,* No. A07–784 (Minn.App. May 16, 2007).

 It is well settled that a district court's grant of a change of venue in the interests of justice and for the convenience of witnesses will not be disturbed unless there is a clear abuse of discretion. *Thies v. Midland Co–Operative Wholesale, Inc.,* 254 Minn. 369, 370, 95 N.W.2d 307, 309 (1959); *Thon v. Erickson,* 232 Minn. 323, 325, 45 N.W.2d 560, 561 (1950). When venue has been transferred under Minn.

---

**2.** The district court noted in its conclusions of law that "the asbestos judge directed in 2004 that venue of asbestos cases be transferred to Ramsey County."

Stat. § 542.11(4), appellate courts should not review the district court's decision de novo. The question is whether the standard of review is different when the venue ruling is made pursuant to an assignment order by the chief justice. We consider the history and purpose of the asbestos assignment orders to answer this question.

■ In December 1987, recognizing significant litigation management challenges that would be presented to the judicial system by the large number of asbestos-related claims that were pending and anticipated, Chief Justice Amdahl issued an order pursuant to Minn.Stat. §§ 480.16 (2006) and 2.724 (1986) assigning all asbestos-related litigation to a single judge for case management purposes. Order, *In re Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Dec. 14, 1987). The order appointed Judge Jack Mitchell

> to hear and decide all matters, including all pretrial and trial proceedings, in all presently pending and future actions before Minnesota state trial courts, whether relating to personal injury, death or property damage, that arise from or seek recovery for the manufacture, distribution, use or exposure to asbestos and asbestos-containing products.

*Id.,* ¶ 1. Through the years, additional orders have been issued appointing subsequent judges to hear asbestos litigation. Since 1994, the asbestos litigation has been assigned to judges in Ramsey County District Court. At the request of the chief judge of the district, the most recent order assigned the litigation to two judges, Judges John T. Finley and Dale B. Lindman. Order, *Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Oct. 5, 2006). Each of the orders has contained similar language defining the scope of matters assigned to the "asbestos judge":

> all presently pending and future actions before Minnesota state district courts, whether relating to personal injury, death or property damage, that arise from or seek recovery for the manufacture, distribution, use or exposure to asbestos and asbestos-containing products.

In 1992, this court reviewed the application of this court's asbestos order. *Minn. Pers. Injury Asbestos Cases v. Keene Corp.*, 481 N.W.2d 24 (Minn.1992). At issue was the consolidation of 11 asbestos actions and the resulting transfer of venue for 9 of the actions. *Id.* at 26–27. This court reviewed for abuse of discretion and concluded that the transfer of venue was authorized by Minn.Stat. § 542.11(4) and consistent with this court's 1987 asbestos order, even though the order generally contemplated trial in the county of original venue. *Id.* (citing Order, *Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Dec. 14, 1987)). In denying a writ of prohibition, this court explicitly clarified "the broad managerial and substantive authority of the trial court," indicating that "[t]he discretionary authority of the trial court to consider and decide all motions affecting the proceedings is implicit and wholly compatible with [this court's asbestos order]." *Id.* at 27.

In 2004, Judge Michael T. DeCourcy, then serving as the asbestos judge, relied on his broad authority under this court's asbestos order, and directed that asbestos cases be venued in Ramsey County. Order, *In re Minn. Asbestos Litig.*, No. C8–94–2875 (Ramsey County Dist. Ct. Nov. 24, 2004). Because filing asbestos cases in separate counties throughout the state resulted in inefficient case management, the asbestos judge ordered that all pending cases not filed elsewhere be filed in Ramsey County, and that venue of all cases filed elsewhere be transferred to Ramsey County. *Id.* ¶¶ 1–2.

The district court in this case relied in part on Judge DeCourcy's 2004 venue order in transferring venue. One of the goals of this court's asbestos order was to establish "a consistent, efficient and economical system" to manage asbestos litigation. Order, *Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Dec. 14, 1987). Later, this court emphasized the "broad managerial and substantive authority of the trial court," referring to the judge assigned to hear asbestos litigation. *Minn. Pers. Injury Asbestos Cases*, 481 N.W.2d at 27. This court stated that "[t]he discretionary authority of the trial court to consider and decide all motions affecting the proceedings is implicit and wholly compatible with [this court's asbestos order]." *Id.* Judge DeCourcy found that "filing each asbestos case in separate counties throughout the State of Minnesota results in inefficient case management and scheduling," and ordered that all asbestos cases be filed in or transferred to Ramsey County. Order, *Minn. Asbestos Litig.*, No. C8–94–2875 (Ramsey County Dist. Ct. Nov. 24, 2004). We conclude that Judge DeCourcy's order serves the purpose of this court's asbestos order, which was to fashion "a consistent, efficient and economical system * * * to manage all phases of this litigation and properly allocate limited court facilities and judicial personnel." Order, *Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Dec. 14, 1987). Ensuring that interpretation of this court's asbestos order (and by extension Judge DeCourcy's venue order) is consistently applied promotes a consistent and efficient system for handling asbestos litigation. Therefore, we conclude that a de novo review standard is appropriate.

## II.

■ We turn to the question of whether this court's asbestos order in *In re Minnesota Asbestos Litigation* is broad enough to include insurance coverage disputes or is limited to personal injury and property damage claims. Continental argues that the assignment order, by its language, limits itself to injury and property damage actions. Continental further argues that even if the asbestos assignment order is broad enough to encompass insurance coverage disputes, this case does not fall within the asbestos order because it is not *exclusively* about asbestos injury claims. 3M counters that this court's asbestos order uses language broad enough to encompass an action seeking trigger and allocation determinations for asbestos personal injury claims, notes that the asbestos judge has handled asbestos-related insurance coverage claims before, and indicates that liability insurance has long been part of asbestos litigation nationwide.

This court's first asbestos order issued on December 14, 1987, with the following language:

> The Honorable Jack A. Mitchell of the First Judicial District, having consented pursuant to statute, is hereby appointed to hear and decide all matters, including all pretrial and trial proceedings, in all presently pending and future actions before Minnesota state trial courts, whether *relating to* personal injury, death or property damage, that *arise from or seek recovery for* the manufacture, distribution, use or exposure to asbestos and asbestos-containing products.

Order, *Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Dec. 14, 1987) (emphasis added). The most recent order in this case uses almost identical language to appoint Judges John T. Finley and Dale B. Lindman. Order, *In re Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Oct. 5, 2006).

The language of the order is quite broad, extending to all matters that either *arise from* or *seek recovery for* the manufacture, distribution, use, or exposure to

asbestos. The inclusion of "arise from" as an alternative to "seek recovery for" indicates that this court contemplated appointment of the asbestos judge to hear those claims that do not directly seek recovery for asbestos-related injuries, as long as the claims arise from asbestos production, distribution, use, or exposure. The original 1987 order recites several reasons for this appointment: the expectation that many asbestos-related personal injury, death, or property damage claims will be brought in Minnesota, the expectation that these claims will involve similar issues, the fact that a limited number of defendants are involved in multiple claims, and the need for "a consistent, efficient and economical system" so as to properly allocate limited judicial resources. Order, *Minn. Asbestos Litig.*, No. C4–87–2406 (Minn. Dec. 14, 1987).

In insurance coverage litigation, the dispute is not directly about whether asbestos caused injuries, but about whether the insurer is obliged under the policy to indemnify the insured, here 3M, for judgments on asbestos-related claims or for funds disbursed to settle such claims. Underlying this coverage litigation, there are claims in which the question necessarily at issue is whether and when the asbestos caused the injury. Continental describes the insurance policies in play as "occurrence" policies, under which coverage is triggered when the injury occurs during the policy period. The factual issue of when the underlying injuries occurred is critical to whether 3M was covered, and how to allocate any covered claims among the policies issued by many different insurers over a long period of time.

This court has identified issues that are appropriately heard by the asbestos judge: "the connection between exposure to asbestos and disease; the varieties of diseases that occur subsequent to asbestos exposure; the amount of asbestos exposure that provokes disease; [and] the manufacturer's knowledge regarding the dangers of asbestos exposure." *Minn. Pers. Injury Asbestos Cases v. Keene Corp.*, 481 N.W.2d 24, 26 (Minn.1992). Some of these issues are likely to be litigated in this insurance coverage case, and, therefore, we conclude that the insurance coverage claims in this action arise from the manufacture, use, or exposure to asbestos and asbestos-containing products. The district court correctly transferred venue of this case to Ramsey County pursuant to the venue order of Judge DeCourcy. It is not necessary to reach the alternative grounds for transferring venue under Minn.Stat. § 542.11(4) (2006).

Affirmed.

PAGE, J., took no part in the consideration or decision of this case.

GILDEA, J., took no part in the consideration or decision of this case.